## CHASE *vs.* CHASE.

On an appeal from the judgment of a justice of the peace, the defendant will not be allowed to plead a set-off by way of plea *puis darien continuance,* the statute expressly declaring, that " no set-off shall be pleaded in the Circuit Court that was not pleaded before the justice, if the summons was served on the person of the defendant."—See " Justices' Courts," R. S. 1835, art. 8, sec. 16, p. 371.

### ERROR to Ray Circuit Court.

P. L. EDWARDS, *for Plaintiff in Error.*

1. The defence offered by the defendant could only be allowed by way of set-off.

2. The same cause of action, and no other, which was tried before the justice, shall (on appeal) be tried in the Circuit Court: and no off-set shall be pleaded in the Circuit Court, which was not pleaded before the justice, if the summons was served on the person of the defendant.— Rev. Stat., 371, sec. 16.

3. If it had been competent for the defendant to plead an off-set, *puis darien continuance,* he could only do so by filing a bill of items, and giving notice before trial.— Rev. Stat., 354, sec. 10.

4. But the demand offered in off-set exceeded the jurisdiction of the justice.— Rev. Stat., 354, sec. 9.

5. The testimony introduced by defendant was incompetent: and if admissible, it does not support the defence, for it neither proves money paid to the use, nor at the request, of the plaintiff.

G. W. Dunn, *for Defendant in Error.*

1. In an action of debt, the defendant may, under the general issue, give in evidence payment, or whatever shows that nothing was due at the time the action was brought.— 2d vol. Starkie's Evidence, 465.

2. As the defence arose after the issue was joined, the defendant had a right to avail himself of it, under his plea, *puis darien continuance.*— 1 Chitty's Pleading, 695.

3. The payment made by the defendant to the creditor, to whom plaintiff and defendant were jointly legally liable, is as available, for the purposes of this defence, as a payment to the plaintiff.— Statutes of Missouri, 359, sec. 6, and 370, sec. 8.

Tompkins, *Judge, delivered the opinion of the Court.*

George R. Chase sued Abraham Chase before a justice of the peace in Ray county, and there had a judgment in his favor. Abraham Chase appealed to the Circuit Court, where he obtained a judgment in his favor; and, to reverse that judgment of the Circuit Court, George R. Chase prosecutes this appeal.

The record shows that the appellant, George R. Chase, sued Abraham Chase on a note for $37; and that, after the appeal was taken to the Circuit Court, Abraham Chase, the appellee, paid, after this cause was brought into the Circuit Court, a debt which he and George R. Chase were jointly bound to pay; and that the Circuit Court permitted him to plead that money paid, for George R. Chase, as a set-off.

The sixteenth section of the eighth article of the act to establish justices' courts provides, that "the same cause of action, and no other, that was tried before the justice, shall be tried before the Circuit Court upon appeal, and no set-off shall be pleaded in the Circuit Court that was not pleaded before the justice, if the summons was served on the person of the defendant." The appellee, Abraham Chase, appeared in person before the justice, and defended his suit.

The judgment of the Circuit Court is reversed; and the cause remanded, to be proceeded in conformably to this opinion.