JOHN B. TURNER, CHIEF JUSTICE.
JESSE J. DUNN,
SAMUEL W. HAYES,        ⎫
MATTHEW J. KANE,        ⎬    JUSTICES.
R. L. WILLIAMS,         ⎭

---

### HILL, et al. v. HAWKINS.

No. 833.   Opinion Filed May 9, 1911.

(115 Pac. 1014.)

1. **JUSTICES OF THE PEACE**—Jurisdiction of Appeals. Under the provisions of sections 14 and 18 of article 7 of the Constitution of Oklahoma, there was conferred upon the county courts of the state exclusive appellate jurisdiction of all appeals from judgments of justices of the peace in civil and criminal cases.

2. **SAME**—Statutes—Sufficiency of Title. That portion of section 3, art. 1, c. 27, Session Laws of Oklahoma 1907-08, providing that the county court shall have, "concurrent with the district court," appellate jurisdiction of judgments of justices of the peace not being correlated to the subject expressed in the title to the act, nor appearing to follow as a natural and legitimate complement, is in violation of section 57, art. 5, Constitution of Oklahoma, providing for only one subject, which shall be clearly expressed in the title, and is therefore unconstitutional, inoperative. and

void; and it is not error for a district court to allow a motion to dismiss an appeal taken from a court of a justice of the peace.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by H. S. Hill and J. L. Courtney against R. P. Hawkins. Judgment for defendant before a justice, and plaintiffs appeal to the district court. From an order dismissing· the appeal, plaintiffs bring error. Affirmed.

*Wm. P. Thompson* and *Preston S. Davis,* for plaintiffs in error.

*Paul F. Mackey,* for defendant in error.

DUNN, J. This case presents error from the district court of Craig county, Okla. The action originated before a justice of the peace, and judgment was rendered therein for the defendant, whereupon the plaintiffs appealed the case to the said district court. When the case was called for trial, counsel for defendant filed a motion to dismiss the appeal, on the ground that the district court lacked jurisdiction to hear and determine appeals from a justice of the peace court; that such causes are appealable to the county court of the county. After argument, the district court sustained said motion, to which action plaintiffs excepted, and the cause has been duly filed in this court for review.

The sole question presented for our consideration is: Did the district court possess appellate jurisdiction of cases tried before justices of the peace. This question had the consideration of this court in the case of *Holcomb v. Chicago, R. I. & P. Ry. Co.,* 27 Okla. 667, 112 Pac. 1023, in an opinion delivered November 16, 1910, wherein we held that under the provisions of sections 14 and 18 of article 7 of the Constitution of Oklahoma there was conferred upon county courts of the state exclusive appellate jurisdiction of all appeals from judgments of justices of the peace in civil and criminal cases.

The statute to which counsel for plaintiffs in error refer, being section 3, art. 1, c. 27, of the Session Laws of Oklahoma 1907-08, was likewise considered in that case, and it was therein

held that that portion of said section 3, *supra,* which provided that the county court should have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace was not correlated to the subject expressed in the title to the act, and that it did not appear to follow as a natural and legitimate complement, was in violation of section 57, art. 5, of the Constitution, and was therefore unconstitutional, inoperative, and void, and that jurisdiction was not thereby conferred upon the district courts to entertain an appeal from a justice of the peace. Reference is made to the opinion rendered in that case for a discussion of the reasons on which our conclusion was based.

No reason is shown here for a departure from the conclusion which we reached in that case, and the judgment of the trial court is accordingly affirmed.

All the Justices concur.