## FARMERS STATE BANK OF INGERSOLL v. MIDLAND SAVINGS & LOAN CO.

No. 9136—Opinion Filed Nov. 4, 1919.

(Syllabus by the Court.)

**Usury—Purchaser of Mortgaged Property.**

One purchasing property covered by mortgage subject to the mortgage, and where the mortgage indebtedness entered into the consideration therefor, will not be permitted to defeat the mortgage under the plea that the same was usurious.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by Midland Savings & Loan Company against Farmers State Bank of Ingersoll. From judgment for plaintiff, defendant brings error. Affirmed.

H. A. Noah and Titus & Talbot, for plaintiff in error.

Ira A. Hill and A. J. Bryant, for defendant in error.

PITCHFORD, J. This is an appeal from the district court of Alfalfa county. The plaintiff below, the Midland Savings & Loan Co., sought to foreclose a mortgage executed by C. L. Wilson and Ella D. Wilson, to secure a note of $1,000 on real estate located in the city of Cherokee. The mortgagors afterwards conveyed the mortgaged property to the defendant bank. The petition filed by plaintiff alleged, among other things, that it was a corporation organized under the laws of Colorado, and that the said Wilson had purchased 50 shares of its capital stock subject to the laws of Colorado and the by-laws of the company, and that all payments were to be made and the papers delivered in Colorado, and construed according to its laws.

The plaintiff in error, defendant below, answered and alleged that payments had been made sufficient to pay such indebtedness in full; that the bond and mortgage sued on were executed and delivered in Oklahoma through an agent residing in Oklahoma; that the contract sued on was governed by the laws of Oklahoma; and further alleged that the makers of the bond and mortgage did not bid for the premium to be paid for said loan; that the amount of premium was arbitrarily fixed; that no bid for premium or rate of premium was provided by the by-laws; and that the agreement to pay stock dues and premiums was illegal, usurious, and void.

By stipulation of the parties, the cause was submitted to the court on the pleadings, deposition, and exhibits of plaintiff on file in the case.

The plaintiff in error has failed to set out an abstract of the evidence as provided by the rules of this court, but relies for reversal upon the error of the court in the construction placed upon the pleadings in the cause. The court, among others, made the following finding:

"And the court further finds that subsequently to the making of said bond and mortgage, and subsequently to the recording of said mortgage in the office of the register of deeds of said county, the said defendant, the Farmers State Bank of Ingersoll, caused said real estate to be sold on execution upon a judgment, and afterwards took a quitclaim deed from the said C. L. Wilson and Ella D. Wilson, subject to the said mortgage of the Midland Savings & Loan Co.; and that said the Midland Savings & Loan Co., plaintiff herein, is and was at all times named, a building and loan association organized and existing under and by virtue of the laws of the state of Colorado. And the court further finds that the said defendants, in purchasing said real estate subject to plaintiff's mortgage, the same is effectively charged with the incumbrance the same as if they had assumed and agreed to pay said indebtedness; and that said defendants cannot defend against said mortgage upon any claim of invalidity therein; and that the said mortgage entered into the consideration of the purchase of the said real estate, and that it would be inequitable to allow said defendants to urge any invalidity in said mortgage as a defense in this action."

It will be observed that C. L. and Ella D. Wilson, the mortgagors, were not made parties defendant in this cause. The defense relied upon by the defendant bank is that, this being an Oklahoma, and not a Colorado, contract, the payments made by the mortgagors should have been applied as stated in the case of Aetna Bldg. & Loan Association v. Harris, 67 Oklahoma, 170 Pac. 700, and as the amount paid by the mortgagors, including the highest rate of interest, would exceed the amount due on the note secured by the mortgage, the indebtedness thereby secured was fully paid. Had this defense been made by C. L. and Ella D. Wilson, mortgagors, we are not prepared to say that their contention would not have been tenable; however, it is not necessary for us to decide that point. In purchasing this property, the defendant bank purchased the same subject to the mortgage, and the mortgage entered into the consideration of the purchase as found by the court.

In the case of U. S. Bond & Mortgage Co. v. Keahey, 53 Okla. 176, 155 Pac. 557, Hardy, J., said:

"Having purchased' the equity of redemption in the mortgaged premises and agreed

to take the land subject to the mortgage, the amount of the mortgage indebtedness entered into the consideration therefor, and if he be permitted to defeat the mortgage on the ground of its invalidity, he would thus defraud the grantor and the mortgagee. This would be speculation upon the validity of a contract from which he had suffered no harm, and would permit him to withhold money to which he had no right and without any consideration. In theory he has deducted the amount of the mortgage from the purchase price, and it would clearly be inequitable to allow him to urge the invalidity of the mortgage and retain the amount thereof, which was in effect furnished by his grantor and not applied to the discharge of the mortgage."

To the same effect see Midland Savings & Loan Co. v. Neighbor et al., 54 Okla. 626, 154 Pac. 506. In 27 Cyc. 1361, the rule is stated as follows:

"Where a deed of land is expressly made subject to an existing mortgage on the property, it is generally held that the purchaser by accepting the deed is estopped to dispute the validity of the mortgage, but it has been held that this result does not follow from the mere recital that the deed is subject to the mortgage, but only where the mortgage is made a part of the consideration for the deed, or the amount of it deducted from the purchase price."

To the contention of the plaintiff that the case of Aetna Bldg. & Loan Assn. v. Harris, 67 Oklahoma, 170 Pac. 700, is controlling and decisive of the instant case, we cannot agree. In that case it was decided that the payments upon the premiums were interest and that the contract there was simply a device to evade the usury law. That being true, the defendant bank, being the purchaser of the real estate, subject to the mortgage, will not be permitted to plead usury. In Higbee v. Aetna Bldg. & Loan Assn., 26 Okla. 327, 109 Pac. 236, the court quotes from the case of Nance v. Gregory, 6 Lea (Tenn.) 347, 40 Am. Rep. 41, as follows:

"A purchaser of mortgaged premises at a sale of the same in bankruptcy cannot question such a mortgage on the grounds of usury; and this is true whether or not such sale is subject to the mortgage, if the mortgage was recorded at the time of the sale."

Also from the case of Lee v. Stiger, 30 N. J. Eq. 610:

"The reason of the rule is obvious. The statute against usury is designed to give protection to the borrower against the greed of the lender, and not to afford any mere adventurer who may happen to slip into the seat of the borrower a right to speculate on a violation of law which has done him no harm and caused him no loss. When the

borrower sells his interest in the land he has pledged for the payment of a usurious debt, subject to that debt, he acknowledges the validity of the debt and waives the defense of the statute. After the party aggrieved has forgiven an injury, it would not be consonant with either justice or reason to allow a stranger to set it up for his own personal advantage. The defendant has no right to display the wrong of another as a means of relieving her property from a burden it was understood it should bear at the time she acquired it."

For additional authorities, see 39 Cyc. 1068.

The judgment of the lower court is affirmed.

All the Justices concur.