## BECKETT et al. v. HARRIS.

No. 16033—Opinion Filed Dec. 22, 1925.

**1. Mortgages—Purchaser of Land not Entitled to Attack—Validity.**

"Where one purchases land subject to a mortgage thereon, the land conveyed is effectually charged with the incumbrance to the same effect as if the purchaser had expressly assumed the payment of the debt, or had himself made a mortgage on the land to secure it; and under such circumstances the purchaser will not be permitted to question the validity of the mortgage

on the ground that it was void" as to the mortgagor. U. S. Bond & Mortgage Co. v. Keahey, 53 Okla. 176, 155 Pac. 557.

## 2. Judgment Sustained.

Record held to require an affirmance of the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Vernon V. Harris against Perryman Cudjo, S. S. Orwig, C. M. Beckett, and A. E. Raiford. From the judgment, the defendants Beckett and Raiford appeal. Affirmed.

J. Read Moore, for plaintiffs in error.

Vernon V. Harris, for defendant in error.

Opinion by SHACKELFORD, C. Perryman Cudjo is named as one of the plaintiffs in error in the petition in error, but the appeal was dismissed as to him. The defendant in error will be referred to herein as plaintiff, and the plaintiffs in error as defendants, as they appeared in the trial court.

Perryman Cudjo was a new-born Seminole freedman allottee, to whom was allotted the northwest quarter of the northwest quarter of section 26, township 7 north, range 6 east, in Seminole county. His father and mother were King Cudjo and Dafney Cudjo. Dafney Cudjo was his legal guardian. On the 22nd of February, 1918, the mother and guardian of Perryman Cudjo, the said Dafney Cudjo, executed a mortgage covering the said real estate, for a loan of $280, evidenced by a promissory note due and payable on the 22nd day of February, 1919, with interest. Walter Ferguson was the mortgagee and payee named in the note. The mortgage was approved by the county judge of Seminole county on the 23rd day of February, 1918. On the 13th day of September, 1922, this mortgage was assigned and delivered to Vernon V. Harris. Default of payment was followed by a suit to foreclose the mortgage as against the allottee, S. S. Orwig, C. M. Beckett and A. E. Raiford. The petition is in the usual form for foreclosure of real estate mortgages. Orwig, Beckett and Raiford are made parties because they are parties to the record title holding by and through the allottee, Perryman Cudjo. It is alleged that Cudjo deeded to Orwig, and that Orwig deeded to Beckett subject to the mortgage; that Beckett deeded an interest in the land to Raiford, subject to the mortgage, one-fourth

of which Raiford assumed and agreed to pay. The defendant S. S. Orwig answered to the merits, but afterwards and upon the trial disclaimed any interest in the land, and the case was dismissed as to him. C. M. Beckett answered by denial and attacked the validity of the mortgage on the ground that the law had not been complied with in its execution, there being no publication of notice as required by law; and the note and mortgage were executed on a legal holiday and for that reason were void. Beckett admitted that he purchased the land on the 13th of October, 1923, from S. S. Orwig, and had paid the agreed consideration; and that he, in turn, on October 15, 1923, executed a warranty deed conveying an interest in the land to A. E. Raiford, except that he did not warrant against the mortgage. A. E. Raiford answered to the effect that he had purchased a one-fourth interest in the land; denied that he had assumed and agreed to pay any part of the mortgage debt; and denied any indebtedness. He attached a copy of his deed. The plaintiff replied to the answer to the effect that even though the mortgage made by the allottee's guardian was irregular and void, the defendants were estopped to set up the invalidity, since they had sold and bought subject to it, having recited it in their conveyances, and were holding subject to it.

The case was called for trial on the 18th of June, 1924, and tried to the court without a jury; and stipulation was made as to certain facts: That Perryman Cudjo was the allottee, a Seminole freedman, became of age on October 9, 1923, and that Dafney Cudjo was his legal guardian; that plaintiff's mortgage was executed by Dafney Cudjo, guardian, and approved by the county court, and made to Walter Ferguson for a debt therein recited, and was afterwards assigned to the plaintiff; that after the allottee reached his majority he and his wife deeded the land to C. M. Beckett, and in the deed recited: "Except an oil and gas lease dated January 1, 1922, given by King Cudjo, guardian of Perryman Cudjo, a minor, to R. W. Parmenter, and a real estate mortgage dated February 22, 1918, from Dafney Cudjo, guardian of Perryman Cudjo, a minor, to Walter Ferguson;" that C. M. Beckett and his wife made a warranty deed on the 15th of October, 1923, conveying to A. E. Raiford, in which deed it is recited: "Except real estate mortgage dated February 22, 1918, from Dafney, guardian of Perryman Cudjo, a minor, to Walter Ferguson, recorded in book 62 at page 250, of which grantee assumes one-fourth." Petition to

mortgage the land and order approving the mortgage, waiver of notice of the hearing in the county court signed by the father and mother of the allottee and his wife, were all put in evidence. Over the defendant's objection the note and mortgage were put in evidence.

Upon the agreed statement of facts and evidence introduced, the court found that there was owing upon the note and mortgage $508 and an attorney fee of $28, a total of $536; that the mortgage was given to secure payment thereof, and constituted a lien upon the land described. The court also found that C. M. Beckett and wife deeded an interest in the land to A. E. Raiford, and such grantee expressly assumed and agreed to pay one-fourth of the mortgage debt, amounting to $134. Plaintiff was given judgment against Perryman Cudjo for the amount of the debt, and against A. E. Raiford for $134, which, if paid, should decrease the judgment against Perryman Cudjo by that amount; and ordered a foreclosure of the mortgage upon the land; and provided in the judgment that if the land did not sell for enough to pay the debt, that execution should issue against Perryman Cudjo for three-fourths of the deficiency and against A. E. Raiford for one-fourth of such deficiency. C. M. Beckett and A. E. Raiford filed a motion for a new trial, which, being overruled, they gave notice of appeal, and the cause is presented here for review.

The only proposition presented in the argument by the plaintiffs in error is that the mortgage was void and unenforceable for two reasons: (1) That the land was the homestead allotment of Perryman Cudjo and could not be subjected to the payment of any debt owing by him, or for taxes; and (2) that the law was not complied with in giving notice that the petition to mortgage the land would be considered by the county court.

Whatever may be the merits of such contentions, if we have been able to properly understand the record, we have no such question for determination. C. M. Beckett purchased the land of S. S. Orwig, subject to the mortgage, so expressed in his deed. Since the deed recites the mortgage and is made subject to it, the inference is that the mortgage debt was deducted from the value of the land, and the balance was paid to Mr. Orwig. Later, it seems, Mr. Beckett sold an interest in the land to defendant Raiford, subject to the mortgage debt, so expressed in the deed, and also in the deed Mr. Raiford assumed one-fourth of the mortgage debt. The deed of Cudjo to S. S. Or-

wig seems to have been upon a consideration of $500, and while we are not advised by the agreed statement of facts or by the evidence as to how much was paid by Orwig to Cudjo, it is alleged in the petition that Cudjo received only $100. If so, the mortgage debt was taken out of the purchase price. This also must have been true when Orwig deeded to Beckett and when Beckett deeded to Raiford. It is true that the deed to Orwig does not mention the mortgage, but if, in fact, he held out $400 of the consideration when he bought the land from Cudjo, why should he complain or be permitted to complain about the mortgage? He had required Cudjo to pay him to take care of the mortgage. Then Beckett required to pay him to discharge the mortgage to the extent of letting the land stand subject to the mortgage, and he paid Orwig the balance of the purchase price. The amount paid by him plus the mortgage debt made up the purchase price. Both had treated the debt as a valid, subsisting lien against the land in their dealings with reference to it. The same thing happened when Beckett deeded the interest to Raiford except Raiford went a little further and accepted a deed in which he agreed to be personally bound for one-fourth of the debt. When Beckett bought the land, he made the debt his own so far as the land would go toward paying it. When Raiford bought into the property, he not only agreed that his part of the land should stand good for its proportionate share of the debt, but agreed to be personally bound for one-fourth of the debt. Then, in their dealings they treated the mortgage as a valid mortgage: and it gets back to the point of having required the mortgagor to pay them in the transaction to take care of the debt created by his guardian. Then, why should they be allowed to assert invalidity of the debt when they have taken Perryman Cudjo's property to pay it? They cannot be permitted to assert invalidity of the debt when they have the property in their hands, furnished by Perryman Cudjo, to pay the debt which his guardian had created, regardless of what might have arisen between Cudjo and the mortgagee. Hence we are not required to determine the question presented.

This case seems to fall within the rule laid down in U. S. Bond & Mortgage Co. v. Keahey, 53 Okla. 176, 155 Pac. 557, where the court announced the rule that:

"Where one purchases land subject to a mortgage thereon, the land conveyed is effectually charged with the incumbrance to the same effect as if the purchaser had ex-

pressly assumed the payment of the debt, or had himself made a mortgage on the land to secure it; and under such circumstances the purchaser will not be permitted to question the validity of the mortgage on the ground that it was void as to his grantor."

This case was followed and the same rule applied in Farmers State Bank of Ingersoll v. Midland Sav. & Loan Co., 76 Okla. 245, 185 Pac. 94.

There is no error. The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1361; anno. L. R. A. 1917C, 832; 19 R. C. L. p. 369; 3 R. C. L. Supp. p. 934.