## EAGER v. PUGH.

No. 17414—Opinion Filed Nov. 23, 1926.

Rehearing Denied Feb. 1. 1927.

**1. Taxation — Tax Certificates — Nature — How Assignable.**

While a tax certificate does not pass title to real estate, it is evidence of an equitable interest. A valid assignment can be made only by the owner thereof by executing and acknowledging the same before some officer having power to take acknowledgment of deeds.

**2. Same—Assignable by Agent Only When Duly Empowered.**

A mere agent. without power of attorney in fact duly acknowledged in the manner prescribed for conveyance of real estate, cannot assign a tax sale certificate and personally acknowledge the execution of the same.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; Charles C. Smith, Judge.

Action by Bill Pugh against W. P. Eager and others. From a judgment in favor of plaintiff and in part in favor of W. P. Eager, the latter appeals. Affirmed.

H. M. Adams, for plaintiff in error.

Fred W. Green and Merle G. Smith, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. On February 5. 1925, Pugh sued numerous defendants to quiet his title as absolute owner of lots 13 and 14 in block 51, in East Guthrie, Okla. Judgment was by default against the defendants, except Eager. Plaintiff avers that he deraigned his title from two sources. It was conceded by defendant, Eager, that title was good in Stapleton from the government by mesne conveyances. Plaintiff proved a warranty deed from Stapleton and wife to Wm. H. Morse and introduced a judgment and order in partition in the district court of Logan county in an action in which Caroline B. Morse sued Robt. N. Morse, a minor, finding that Caroline B. Morse and Robt. N. Morse were the sole and exclusive owners in equal shares of these lots, and decreeing partition. Commissioners were appointed and the lots were appraised at $3 600. On hear-

ing of the report of the commissioners, the court found that partition of the property could not be made without injury, and that Caroline B. Morse had duly elected to take the property at the appraised value, and offered to pay into court one-half thereof for the use of Robt. N. Morse, all of which was approved and confirmed by the court, and the sheriff was authorized and directed to execute a deed of the lots to Caroline B. Morse. While the sheriff's deed does not appear in the case-made, it is stated that the same was to be supplied, and this statement is signed as correct by the attorney for Eager, and it seems to be conceded that such deed was executed and delivered to Caroline B. Morse. Plaintiff then proved conveyance from her to one Fegan and wife, and from them to plaintiff, Pugh. We think it is legitimate to indulge the presumption in favor of the regularity of the judgment of the trial court, that Wm. H. Morse, grantee from Stapleton, became deceased after receiving the title from the Stapletons, and that Caroline B. Morse and Robt. N. Morse were the sole and only heirs—a presumption consonant with the judgment of the district court in the partition suit. It thus appears that the plaintiff, Pugh. as found by the court, was the owner of the lots as alleged. As we shall see, defendant, Eager, did not claim to be the owner, but claimed to have a lien on the lots. The other chain of title pleaded and sought to be proved by plaintiff had its inception in a resale tax deed from the county treasurer of Logan county to one Williams and from Williams to plaintiff, Pugh. Defendant, Eager, by answer and cross-petition sought to establish a lien upon said lots superior to the claims of plaintiff for the payment of six certain individual tax sale certificates offered in evidence as exhibits as follows: A. and B issued to George Anderson in 1910 on the sale of said two lots to him for the taxes of 1909. C. and D issued by the county treasurer to M. W. Christie in 1911, on the sale of said two lots to him for the delinquent taxes of 1910. and E, and F. issued by the county treasurer to defendant, Eager, in 1913, on sale of the lots to him for the unpaid taxes of 1912. Defendant pleaded and sought to prove assignment to himself of the first four of said certificates. The court found that plaintiff, Pugh. was the owner of the lots, and for the plaintiff against the defendant, Eager, on the first four of said certificates—that they were not the basis for liens on the real estate—and for defendant, Eager, entitling him to judgment for the amount of his last two certificates, establishing same as a lien on the

lots and ordering satisfaction by sale, and rendered judgment accordingly. Defendant appeals, complaining that his other four certificates should have been likewise adjudged. Plaintiff, Pugh, has filed no cross-appeal, and therefore we are not called upon to consider the judgment against plaintiff as concerns the last two tax sale certificates.

1. Certificates A and B purport to have been assigned by George Anderson to Alex Nixon, and by Nixon to defendant, Eager. Section 9737, C. O. S. 1921, provides that the purchaser or recipient of a tax sale certificate shall have a lien on the land for the delinquent taxes, and that such certificate shall be assignable; "and said assignment must be acknowledged before some officer having power to take acknowledgment of deeds." In Wilson v. Wood et al., 10 Okla. 279, 61 Pac. 1045, the legal character and effect of a tax sale certificate is discussed. There it is said:

"It is not a negotiable instrument, and cannot be assigned except where authorized by statute. Then the statutory mode of assignment must be followed. While the tax certificate does not pass title to the land, it is evidence of an equitable interest which may ripen into legal title. and therefore does convey an interest in land."

There it is held that:

"A tax certificate represents an interest in real estate, and can only be assigned, so as to entitle the assignee to a deed therein by the assignor executing such assignment, and acknowledging the same before some officer having the power to take acknowledgment of deeds."

In the instant case, the evidence is quite conclusive, as to certificates A and B, that George Anderson. at the time of his purported assignment to Nixon, had no interest in the certificates; that they were the property of the notary public, Paul Williams; that the acknowledgment of the assignments of these two certificates purports to have been made before Paul Williams as such notary; that the name of the notary, Paul Williams, was not subscribed by him personally, but that his purported signature to the acknowledgment was made by a fac simile of his signature, impressed by a rubber stamp; and that the same was probably so done by Anderson, the assignor himself. Without discussing what a signature may be, and conceding that a fac simile or rubber stamp signature may be sufficient to bind the signatory with respect to certain instruments, we think this record shows that the purported assignment from Anderson to Nixon was not acknowledged before an "officer hav-

ing power to take acknowledgment of deeds." In the case cited above, the court in discussing the last-quoted statute asks the pertinent question: "Acknowledged by whom?" and answers, "Certainly by the owner, or some one authorized to execute this power for him." It inheres in the judgment in the instant case that no equitable title passed to defendant, Eager, by the assignment from Nixon, because none passed to Nixon from Anderson. The judgment in this behalf is not clearly against the weight of the evidence, which tends to show that this assignment was not acknowledged before any officer authorized to take acknowledgment of deeds, and if it were, that Anderson had no equitable interest to assign.

The assignments of certificates C and D purport to have been by "W. M. Christie by F. L. Williams, agent" and the acknowledgment before the notary is by F. L. Williams, agent for Christie. This purported assignment was insufficient to pass such equitable interest in the real estate. The statute prescribes how conveyances of real estate may be executed. As stated in the Wilson Case, supra, a mere agent cannot assign a tax sale certificate which conveys an interest in the land, and personally acknowledge the execution of such assignment. If so done, it would necessarily be by power of attorney; in fact, for such purpose executed and recorded with the formalities attending the execution of a deed or mortgage. It thus appears that the judgment of the court against defendant, Eager, on his causes of action based on said first four tax sale certificates is correct under the equity rule as to quantum of evidence on review. Under this view of the case, it becomes unnecessary to discuss the validity of the second source of plaintiff's title, the resale tax deed.

Let the judgment be affirmed.

By the Court: It is so ordered.