## HASTINGS v. MONTGOMERY.

No. 19398.   Opinion Filed Dec. 3, 1929.

Rehearing Denied March 4, 1930.

C. P. Fillefrown, for plaintiff in error.

Patten & Rye, for defendant in error.

FOSTER, C. This action was begun in the district court of Craig county. Charles Hastings, plaintiff in error, filed his petition against Jack Montgomery, defendant in error, in ejectment to recover 40 acres of land and for damages for wrongful detention of same. The parties appear as they did in the trial court.

The record discloses that the real estate involved in this action was allotted to one Ollie Lawhead, a Cherokee Indian citizen, and on March 15, 1922, she conveyed the same to plaintiff by warranty deed. In 1920, prior to the execution of this deed, she had leased the land to the defendant, Jack Montgomery, who paid the rental money to the said Ollie Lawhead until the execution of the deed to plaintiff. The rent for the year 1922 was paid to the plaintiff. The defendant, Jack Montgomery, paid no rents after the 1st of January, 1923, but remained in possession of the land, and was in possession of the same until the commencement of this action in 1926.

In 1920, the defendant, Montgomery, and Mr. Periman purchased certain tax certificates from Craig county covering the real estate in question. These tax certificates were issued for taxes levied during the years 1913 to 1918, inclusive. No application was ever made for a deed under these certificates. At the time of the trial, Montgomery testified that he owned the tax certificates, although no assignment in writing to him from his partner, Mr. Periman, had ever been made.

It is admitted by the record that no rent was paid since January 1, 1923, and that the defendant, Montgomery, remained in possession. The plaintiff in his petition asked for possession and $400 as damages for the use and occupancy of the premises during the years 1923 to 1926. The whole defense to plaintiff's cause of action is based upon the amount paid by the defendant for the tax certificates. Defendant filed an answer and cross-petition in which he set up the fact that he paid for the certificates, and asked for a counterclaim or set-off against the plaintiff for the amount of same, including interest.

At the trial the court instructed the jury that a tax sale certificate does not entitle the owner or holder thereof to possession of the land covered by the certificate, but submitted by instruction to the jury the question of the amount paid for these certificates, together with the amount due for detention of the land, and told the jury that they should strike a balance between the two amounts and grant judgment either for the defendant or for the plaintiff in whatever sum they found was due and owing. In consideration thereof, the jury found in favor of the defendant, granting a judgment against the plaintiff for the sum of $29.15, upon which verdict the court granted judgment and further ordered that upon payment of said judgment, the plaintiff, Charles Hastings, have and recover possession of the real estate involved in this action. From this judgment the plaintiff appeals.

The first assignment of error is the overruling of plaintiff's demurrer to the cross-petition of the defendant. It is urged that since a tax sale certificate does not entitle the owner or holder to possession of the land covered by the certificate, the same cannot be set up as a defense to a cause of action in ejectment nor can it be set up in defense of a cause of action for damages for wrongful detention, because it is not a proper set-off or counterclaim as provided by our statutes.

With this contention we agree. Section 275, C. O. S. 1921, provides that a set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by decision of a court. We do not think that the tax certificates pleaded in this case are proper set-offs under said section.

Section 274, C. O. S. 1921, is as follows:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

The tax certificates in this case do not, in our opinion, arise out of the same contract or transaction, nor are they connected with the subject of the action. The subject of the action of the plaintiff's claim is his right to the possession of the real estate and the wrongful detention of the same by the defendant. The subject of an action has been held to be of indefinite signification, and the meaning of the phrase is variously defined. 34 Cyc. 688.

Our court, in the case of Stone v. Case, 34 Okla. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168, held that the elements of the subject of an action are the primary right and its infringement. This case has been many times followed by our court. In the case at bar, the primary right of plaintiff is his right to the possession of the property, and the infringement thereon is the possession and wrongful detention by the defendant. The tax sale certificates do not give the defendant any right to the possession of the land, and are not instruments of title, but only certify as to the right of the holder to obtain the deed at a certain time and under certain conditions. They are not admissible in an action such as ejectment as evidence of title. 37 Cyc. 1372.

The defendant does not contend, however, that tax sale certificates are evidence of title, nor that they were not admitted on that theory. It is defendant's contention that these taxes were paid in order to save his unexpired term of the lease, and are set up as a counterclaim or set-off to the amount claimed by the plaintiff for damages for detention of the property.

It has been held in Oklahoma that a lien for taxes must be enforced in the manner provided by the statute: that such method is exclusive for the enforcement of tax liens. and a foreclosure of such tax liens in the district court of this state is unauthorized. City of Sapulpa v. Land. 101 Okla. 22. 223 Pac. 640. 35 A. L. R. 872.

The judgment in the instant case was a personal judgment against the plaintiff for the amount which the defendant paid for the tax certificates.

To support the proposition that, where taxes are paid by a tenant, in order to protect his unexpired lease, the amount so paid might be set up as an offset against the amount due for rent, the defendant relies upon the following authorities: Underhill on Landlord and Tenant, sec. 572; Thompson on Real Property, sec. 1333; Gaskins v. Blake, 27 Miss. 675; McPherson v. Atlantic, 65 Mo. 103; Hammon v. Sexton, 69 Ind. 37; Wells v. Porter, 7 Wend. (N. Y.) 119.

Assuming, without deciding, that the last proposition is the law in this state, the record in the case at bar does not support a finding that the defendant paid the taxes to protect his lease. He bought the tax certificates in 1920, at which time he occupied the premises under an oral contract from year to year. He paid the rent on the property until January, 1923, without reference to the amount paid for the tax certificates. He now contends that the amount paid for the tax certificates should be applied on rent for the years 1923 to 1926—a lease which he did not have at the time the certificates were purchased. Certainly, under no theory would he be permitted to extend his oral contract of lease by the purchase of tax certificates.

The defendant also relies upon sections 7419 and 7420, C. O. S. 1921, which provide that every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed; and where a person has a lien inferior to another lien upon the same property, he has a right to redeem the property in the same manner as the owner might from the superior lien, and to be subrogated to all benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby. Under these sections of our statute, the defendant contends that he has a lien as a tenant, and, the tax lien being superior, he has a right to redeem and to become subrogated to the rights of the superior tax lien. Assuming that defendant's contention is correct, the only right under our statute that he obtained by purchasing the superior tax lien, under the circumstances in this case, would be the right to apply for a deed upon the happening of certain conditions, and this he has a right to do.

Further in support of this contention, the defendant relies upon the case of Marks v. Baum, 73 Okla. 264, 175 Pac. 818, but that case is not in point, for the reason that there a mortgagee purchased tax certificates, and under the terms of the mortgage it was provided that if the mortgagor fails to pay the taxes, the mortgagee shall have the privilege of paying the same, and shall be secured by the lien of the mortgage.

The defendant further contends that the record discloses that plaintiff paid a nominal sum for this land, and that he took into consideration the taxes due, and therefore cannot be heard to question the validity of the taxes or the form of tax certificates. Jones v. Perkins, 43 Okla. 734, 144 Pac. 183; Beckett v. Harris, 115 Okla. 219, 242 Pac. 561. These cases, however, pertain to a state of facts where a party buys land subject to a mortgage and takes into consideration the amount of the mortgage in the purchase price, it being held that he cannot thereafter contest the validity of the mortgage. These cases are not authority for the case at bar. In our opinion, the validity of the tax liens need not be determined in this action. Assuming them to be valid, we hold that they cannot be enforced in the manner attempted by the defendant in this case.

In 1925 (Laws 1925, c. 12, s. 1) the Legislature of Oklahoma passed an act providing for the foreclosure of tax liens by an action in the district court. This law was repealed in 1927 (Laws 1927, c. 37) and did not make any exception to suits then pending. It is apparent from the record that this action was begun under the authority of the act of 1925, but defendant does not contend that at the time of the trial the passage of this act gave him any additional rights. However, the cross-petition is not sufficient to bring defendant under the act of 1925. Langley v. Cox, 135 Okla. 291, 275 Pac. 638.

Since there is no statute on which defendant relies, authorizing the foreclosure of liens by a suit in the district court, we believe that, under the facts in this case, the only method under the statutes of the state of Oklahoma for the enforcement of tax sale certificates is in the manner provided by law, and therefore the court erred in overruling the demurrer of the plaintiff to defendant's cross-petition.

The other assignments of plaintiff in error are based upon the error of the court in admitting certain tax certificates in evidence. Under our holding these assignments become immaterial. Admitting that the tax certificates were regular in form and properly introduced, we do not think they constitute a defense to plaintiff's cause of action.

The court instructed the jury that there was $85 due by reason of the tax certificates, with 6 per cent. interest from March 15, 1922, and further instructed them that whatever amount they found due the plaintiff by reason of the wrongful detention of the land, to strike a balance and grant judgment either for plaintiff or defendant for the difference, if any there be. Pursuant to this instruction, the jury found a judgment of $29.15. The $85 plus the interest would amount to $113.50, and since the jury found $29.15 due the defendant, it follows that the amount of damage which the jury found to be owing the plaintiff was $84.35. No objection or exception was taken to the amount found to be owing from the defendant to plaintiff, and for that reason we can see no good cause for reversing this case for a new trial. Clearly, under the record and the finding of the jury, the plaintiff is entitled to possession of the land together with the damage amounting to $84.35.

For the reasons herein given, the cause is hereby reversed and remanded to the trial court, with instructions to grant judgment in favor of the plaintiff and against the defendant for possession of the real estate, and for the further sum of $84.35 as damages.

BENNETT, LEACH, REID, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.