BEANE et al. v. KINNEY, Gdn.

No. 31757. May 22, 1945.

*158 P. 2d 1009.*

C. C. Wilkins, of Marietta, for plaintiffs in error.

J. B. Moore, of Ardmore, for defendant in error.

CORN, J. This action was brought by J. J. Kinney, guardian of Phoebe Rexroat, incompetent, to foreclose a mortgage on certain real estate, which mortgage had been executed by the former owner, Charles H. Beane and wife, to T. J. Pollock, guardian of Phoebe Rexroat, incompetent. T. J. Pollock died and J. J. Kinney was appointed to succeed him. The county court of Carter county directed J. J. Kinney as said guardian to foreclose the mortgage and redeem the land involved from the tax sale, to C. C. Wilkins on May 10, 1943.

We are here concerned only with the appeal of C. C. Wilkins. There are two assignments of error.

One: Error of the court in entering judgment allowing defendant in error to redeem said land from resale tax deed.

Two: Error of the court in not requiring the defendant in error to pay all taxes, interests, penalty, cost and expense, as a condition precedent to entering said judgment.

The following is a part of the judgment:

"The Court finds that Phoebe Rexroat for whom this suit is brought by J. J. Kinney, guardian, is an incompetent and has been at all times and that she has tendered into this court for the purpose of redeeming said premises, all taxes, penalties and costs necessary to redeem same from said tax sale. The court finds that the said Phoebe Rexroat being an incompetent, has the right to redeem said land from said tax sale insofar as her mortgage is concerned and that she is entitled to judgment for the amount sued for and to foreclose her lien which the court finds is prior and superior to any right, title, claim or lien of any of said defendants, under and by virtue of said mortgage to secure the payment of the indebtedness hereinbefore referred to including costs, interest and attorney fees.

"It is further ordered adjudged and decreed that the defendant C. C. Wilkins be and is hereby decreed to be the owner of the real estate hereinbefore described subject only to the mortgage lien of the plaintiff and the foreclosure of same by virtue of this judgment and the redemption by the plaintiff as herein set out and that the title in said C. C. Wilkins be and is hereby quieted against his codefendants, Charles H. Beane, Stella Beane, Fred W. Graham and H. T. Chesser."

The record reflects that this loan was made by order of the county court of Carter county, and with the money which belonged to Phoebe Rexroat, incompetent, and there can be no question but that she, through her present guardian, J. J. Kinney, has a right to redeem this property as to the mortgage by virtue of section 433-a, Title 68 O.S. 1941, in part:

"The owner of any real estate sold for taxes, or any person having a legal or equitable interest therein, may redeem the same from the lien resulting from tax sale at any time before the execution of a deed of conveyance therefor by the county treasurer, . . .; provided, that infants, idiots, and insane persons may redeem from the taxes any real property belonging to them within one year after the expiration of such disability, . . . ."

In Blaine County Bank et al. v. Noble et al., 53 Okla. 361, 155 P. 532, this court said:

"The phrase 'belonging to them,' as used in section 4649, Comp. Laws 1909, in regard to redemption by a minor of lands sold at tax sale, must be construed to include the interest of a minor who at the time of said sale was a mortgagee of the lands sold."

There is no merit in assignment of error number 2 as the record reflects that a good and sufficient tender was made.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.