WEBSTER et vir v. SKINNER et al.

No. 33192. Sept. 28, 1948.

198 P. 2d 213.

Shutler & Shutler, of Kingfisher, for plaintiff in error.

Murphy & Firestone, of Kingfisher, for defendant in error Clarence Skinner.

LUTTRELL, J. Plaintiffs Pearl Webster and Earl Webster, husband and wife, claiming to be the owners of certain lots in Nagle's Addition to the city of Kingfisher, brought this action to quiet title against the former owners, their unknown heirs, executors, administrators, devisees, trustees and assigns, and against the previous owners of the tax certificate, who had assigned it to them. In the same action they asked the court to require the county treasurer of Kingfisher county to issue them a tax deed on the property, and also asked that the defendant Clarence Skinner, as part owner of the buildings on the lots, be required to perform a written contract for the sale of his interest in said buildings to plaintiffs, and to surrender possession of the property to plaintiffs. Personal service was obtained upon Francis Skinner and Mary Skinner, assignors of the tax certificate to plaintiffs, upon Clarence Skinner, and upon the county treasurer of

Kingfisher county. Francis Skinner and Mary Skinner answered disclaiming any interest in the property, and Clarence Skinner filed an answer claiming ownership of the property and the right to possession thereof. He also alleged that the written contract sued upon by plaintiffs was obtained by fraud, and that he was without sufficient mentality to understand the nature and effect of the contract at the time he signed it. He tendered into court the consideration of $75 paid him for signing the contract, and prayed that the contract be canceled.

At the trial plaintiffs introduced in evidence the tax sale certificate dated November 5, 1934; an assignment thereof by Francis and Mary Skinner to them; the contract with Clarence Skinner, and a certificate of the county treasurer to the effect that all taxes against the property from 1934 to 1946, inclusive, had been paid. Plaintiffs testified that they had never been in possession of the property, and were waiting for Clarence Skinner to move in order that they might take possession of the property. The trial court sustained a demurrer interposed by Clarence Skinner to their evidence. Plaintiffs appeal.

Plaintiffs contend that they were entitled to judgment quieting their title against the former owners, and to judgment against the county treasurer requiring him to make them a tax deed upon the property, for the reason that all those defendants were in default, and did not contest the right of plaintiffs to the relief demanded. This contention appears to be based upon the assumption by plaintiffs that by the purchase of the tax certificate they acquired fee-simple title to the property. This assumption was erroneous since, by the purchase of the tax certificate, they acquired only a lien upon the real estate, and the former owners are, by 68 O.S. 1941 §433a, expressly given the right to redeem the property from such lien at any time before the issuance of a tax deed. Having only a lien plaintiffs had no title which could be quieted as against the former owners, and were not entitled to possession of the property. Hastings v. Montgomery, 142 Okla. 47, 285 P. 89.

As to the county treasurer, plaintiffs neither alleged nor proved compliance with 68 O.S. 1941 §451, which makes the giving of notice to the former owner a prerequisite to the right to demand a tax deed from the county treasurer.

Therefore, as to the former owners and the county treasurer, plaintiffs did not make out a case, and the trial court did not err in sustaining the demurrer to their evidence.

Neither were plaintiffs entitled to any relief as against the defendant Clarence Skinner. As above stated, they had no right to possession of the property. They neither alleged nor proved that Clarence Skinner was the owner of the buildings upon the property with an agreement permitting him to remove them and in the absence of such agreement the buildings belonged to the owner of the land. McDowell v. King, 186 Okla. 90, 96 P. 2d 37. Since the evidence did not establish that defendant Clarence Skinner had any transferable interest in the buildings upon the property, or that his possession of the property was in any wise subordinate to plaintiffs, the trial court did not err in sustaining the demurrer to the evidence as to such defendant.

The defendants Francis Skinner and Mary Skinner filed a disclaimer of any right, title or interest in the property, and there was not ground for judgment against them established by the evidence.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.