Penelope RAY, a Minor, by W. F. Schulte, her Guardian ad litem, Plaintiff in Error,

v.

O. P. WILLIAMS and Annie H. Williams, Defendants in Error.

No. 34827.

Supreme Court of Oklahoma.

Nov. 30, 1954.

Rehearing Denied Jan. 7, 1955.

W. F. Schulte, Ada, for plaintiff in error.

Ernest W. Thomas, McAlester, for defendants in error.

ARNOLD, Justice.

O. P. Williams and Annie H. Williams brought suit in the District Court of Pittsburg County against Penelope Ray, a minor, to quiet their title to a certain described twenty acre tract of land situated in said county. At the trial the following facts were stipulated:

James E. Whitehead was the record owner of the land here involved from prior to 1936 until 1945; taxes were not paid on this land for the years 1936 and subsequent years; the land was sold for taxes at original or base sale to Pittsburg County on November 6, 1939; on February 8, 1945, James E. Whitehead and his wife conveyed the land by warranty deed to their granddaughter, Penelope Ray, a minor of the age of 2 years; on May 15, 1945, the land was sold at the 1945 tax resale to O. P. Williams. The minor defendant, by her guardian ad litem, did not contest the validity of the resale tax deed held by plaintiff, but asked that right of redemption be reserved to her as provided by Sections 432f and 433a, Title 68 O.S.1951.

The trial court entered judgment holding the resale tax deed of plaintiffs legal and valid and their title perfect; that the minor defendant, now age 7 years, had a right to redeem the real estate by paying all taxes, interest, penalties and costs as provided by law within a reasonable time, fixed by the court at 120 days, and that upon payment by the minor defendant of all taxes, interest, penalties and costs the minor's title to the property be quieted in her. Plaintiffs and defendant filed separate motions for new trial, plaintiffs objecting to that portion of the judgment permitting the minor defendant to redeem within 120 days and the defendant objecting to being limited to a period of 120 days in which to exercise her right of redemption. Upon hearing both motions for new trial the court overruled same but reduced the time to redeem from 120 days to 90 days because of a change in the time to appeal. From order overruling motion for new trial the minor defendant has appealed and plaintiffs have cross-appealed.

The various assignments of error and propositions based thereon in the appeal of the minor defendant and the cross-appeal of plaintiffs may be grouped under two questions: Is there a valid statute authorizing redemption by minors; and, could

the court limit the minor's right of redemption to 90 days in the face of the statute allowing her one year after the expiration of her disability in which to redeem.

The statutes involved here are Sections 432f and 433a 68 O.S.1951. Section 432f provides for a return to be made by the county treasurer showing the proceedings had upon resale, each tract or parcel of real estate sold, the date sold, the name of the purchaser and the price paid therefor; provides for the issuance of the deed by the county treasurer within 30 days to the purchaser or his assigns; provides for the time in which proceedings may be instituted to set aside such resale deed; and further provides:

" * * * that persons under legal disability, shall have one year after removal of such disability within which to redeem said real estate."

Section 433a, supra, provides:

"The owner of any real estate sold for taxes, or any person having a legal or equitable interest therein, may redeem the same from the lien resulting from tax sale at any time before the execution of a deed of conveyance therefor by the county treasurer, * * provided, that infants, idiots, and insane persons may redeem from taxes any real property belonging to them within one year after the expiration of such disability, with interest and penalty at not more than ten per cent per annum. * * *"

Plaintiffs contend that both these sections are unconstitutional because the titles to these acts say nothing about any provision in the acts allowing persons under disability to have one year after removal of the disability within which to redeem the real estate and the acts are therefore in violation of Article 5, Sec. 57 of the Oklahoma Constitution requiring every Act of the Legislature to embrace but one subject which should be clearly expressed in the title, and citing Hill v. Hawkins, 29 Okl. 1, 115 P. 1014.

The subject of these two sections of the statutes is the regulation of the procedure by which the county can sell real estate for delinquent taxes and disposition of such land so sold and the collection of delinquent taxes by such sale. The provisions for redemption by minors and other persons under disability are incidental to the main purpose of the act and are cognate and germane thereto; the act therefore does not violate the constitutional provision. See Love v. Silverthorn, 187 Okl. 114, 101 P.2d 254, 129 A.L.R. 676; State ex rel. Caldwell v. Hooker, 22 Okl. 712, 98 P. 964; City of Pond Creek v. Haskell, 21 Okl. 711, 97 P. 338.

As to the second question raised, the wording of the statute clearly provides that minors shall have the right to redeem any land owned by them or in which they have a legal or equitable interest from the lien resulting from tax sale within one year after the expiration of their disability. We have heretofore held that persons under disability have a right to redeem their interest in lands from tax sales; see Denney v. Akers, 117 Okl. 274, 247 P. 34; Smith v. Hughes, 135 Okl. 296, 275 P. 628, 65 A.L.R. 573; Parks v. Clark, 192 Okl. 319, 136 P.2d 199; Hutchison v. Kerr, 193 Okl. 30, 140 P.2d 918, 147 A.L.R. 1081; Shores v. Berry, 194 Okl. 458, 153 P.2d 94; Beane v. Kinney, 195 Okl. 467, 158 P.2d 1009; Brown v. Chaddick, 197 Okl. 515, 172 P.2d 996. Plaintiffs seek to distinguish these cases on the grounds of difference in fact situation and relief asked but all these cases clearly hold that under the statutes persons under disability have until one year after such disability ceases in which to make redemption.

Plaintiff urges that the minor must own the land before the original tax sale in order to redeem, citing cases so holding from other jurisdictions decided under statutes with different wording from our statutes. Such cases are distinguishable because of the difference in wording. We have held that the original sale for taxes does not pass title to the land, does not give the right of possession, and that only a lien is obtained for the amount of taxes then due. Eager v. Pugh, 123 Okl. 207, 253 P. 41; Honeyman v. Andrew, 124 Okl. 18, 253 P. 489; Hastings v. Montgomery, 142 Okl. 47, 285 P. 89; Webster v. Skinner, 200 Okl. 553, 198 P.2d 213. The land itself is not sold until the resale.

Section 433a, supra, gives the right of redemption to the owner of any real estate sold for taxes. The right of redemption therefore depends upon the ownership of the land at the time of the resale. As defendant was the owner of the land at the time of the resale she has the right of redemption. This right of redemption given her by the statute may not be cut off by the court nor may she be forced to redeem prior to the expiration of the time given her by statute.

As the minor defendant admitted that the resale tax deed to plaintiffs was valid the court should have held that plaintiffs were the lawful owners of the property, subject to defendant's right to redeem at any time within one year after expiration of her disability.

The cause is reversed with direction to the trial court to enter judgment in accordance with the views herein expressed.

JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.

DAVISON and BLACKBIRD, JJ., concur in result.

HALLEY, C. J., dissents.