ISABELLE MUSGROVE v. W. J. HODGES *et al.*

1. SPECIFIC PERFORMANCE — *Consent of Third Person.* Where the performance of a contract depends upon the consent of a third person, and that consent is withheld, specific performance becomes an impossibility, and that remedy is not available.

2. ———— *Action Will Not Lie.* A contract was made between M. and H. to exchange farms. M. agreed to convey his tract to H. in consideration of which H. agreed to convey his tract to the wife of M., and she was to assume the payment of a lien which existed against the land of H. The wife was not a party to the contract, and did not consent to accept the conveyance or assume the payment of the debt. She refused to consent to or to complete the contract, and an action for specific performance was brought by H. *Held,* That the action will not lie.

*Error from Cowley District Court.*

THE opinion states the material facts. Judgment for plaintiff *Hodges*, at the December term, 1888. One of the defendants, *Isabelle Musgrove*, comes to this court.

*Sam. D. Pryor*, for plaintiff in error.

*Eaton, Pollock & Love*, for defendant in error W. J. Hodges.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for the specific performance of a contract for the exchange of certain lands. W. J. Hodges, who brought the action against J. R. Musgrove and Isabelle Musgrove, alleged, in substance, that he owned an 80-acre tract of land in Cowley county, upon which was a mortgage of $750; that J. R. Musgrove was the owner of 160 acres of land situated in Sumner county, against which there was a mortgage of $2,000; and that on or about the 23d day of August, 1888, an agreement was entered into between J. R. Musgrove and himself for an exchange of lands —that is, he was to convey his 80-acre tract, by a good and sufficient deed of warranty, to Isabelle Musgrove, the wife of J. R. Musgrove, subject, however, to the mortgage of $750, which was to be assumed by her, in consideration of which, J. R. Musgrove was to convey to Hodges, by a good and sufficient deed of warranty, his 160-acre tract, subject to the $2,000 mortgage, which Hodges was to assume and pay. It was alleged that Hodges had complied with all the conditions of the agreement upon his part, but that Musgrove had failed upon demand to execute a conveyance or to comply with the agreement which he had made.

A trial was had, and the court made a general finding in favor of Hodges, decreeing that the plaintiff below should deposit with the clerk of the court an abstract of title and warranty deed for the 80-acre tract, conveying the same to Isabelle Musgrove, free and clear of all incumbrances except the mortgage of $750, which mortgage it was decreed that

Isabelle Musgrove should assume and pay.   It was adjudged
and decreed that J. R. Musgrove and Isabelle Musgrove
should execute and deliver to Hodges a warranty deed con-
veying the 160-acre tract, free and clear of all incumbrances
except the mortgage thereon for the sum of $2,000, which it
was decreed Hodges should assume and pay.

Isabelle Musgrove alone complains of the judgment of the
court, and the principal ground of complaint is, that she was
compelled to accept a conveyance of land and assume an obli-
gation without an agreement or any consent given by her.
She has reason to complain.   The contract between Hodges
and J. R. Musgrove for an exchange of farms was not signed
by or for her.   By the terms of that contract the Hodges land
was to be conveyed to her, and she was to assume the pay-
ment of the $750 mortgage which existed against the land.
She had not consented to accept the conveyance of the land,
or undertake the payment of the lien which existed against
it; and the court is powerless to make a contract for her, or
to compel her to carry out the one which was made by J. R.
Musgrove.   It is said that the title to the land in Sumner
county was in J. R. Musgrove, and that if the conveyance of
the Hodges land was made to her she would only hold the
title in trust for J. R. Musgrove, and it would have the same
effect as if the conveyance had been made directly to him.
Granting this claim, why should she be compelled to under-
take the trust against her objection, and especially where there
is coupled with it the personal assumption of a large indebt-
edness?   No such burden can be imposed upon her unless she
consents to assume it.   When the contract was made, Hodges
knew that the consent of the plaintiff in error was essential,
and he took the chances that she would refuse to assume the
burden and execute the conveyance in accordance with her
husband's agreement.   Having declined the performance of
the contract that was made, even J. R. Musgrove was incapa-
ble of executing the same without her consent; and hence
the remedy of specific performance is not available.   Where
performance of a contract depends upon the consent of a third

person, and that consent is withheld, the performance becomes an impossibility, and will not be decreed. (Pom., Spec. Perf., § 295.)

Defendant in error contends that the question of forcing a conveyance upon Isabelle Musgrove, and compelling her to assume the payment of the mortgage, was not presented or determined in the district court, but the record brought here shows that the question was raised by objections made by plaintiff in error to the testimony, and by a demurrer interposed by her to the evidence offered in behalf of Hodges, and hence the question cannot be overlooked here.

The judgment of the district court will be reversed.

All the Justices concurring.