JANE WILSON v. WALLACE WOOD, JR., A. P. BOND, AND W. J. PATTERSON.

(Filed June 30. 1900.)

1. TAX CERTIFICATE ASSIGNMENT. A tax certificate represents an interest in real estate, and can only be assigned so as to entitle the assignee to a deed thereon, by the assignor executing such assignment and acknowledging the same before some officer having power to take acknowledgement of deeds. If the assignment is made by an attorney in fact, the power of attorney must be executed and acknowledged in the same manner that deeds are executed and acknowledged. No mere agent has power or authority to assign and acknowledge the assignment of a tax certificate so as to authorize a tax deed to issue to such assignee.

2. TAX DEED—*Certificate and Assignment Necessary to Validity.* A tax certificate and a valid assignment thereof, where the assignee claims title under a tax deed, are essential and necessary to the validity of the deed, and to the authority of the taxing powers to divest the title of the former owner or those claiming through him.

3. TAX DEED, CONCLUSIVENESS. The legislature has no power to declare a tax deed or the recitals therein conclusive evidence of a compliance with those matters which are essential to the exercise of the taxing power, or to those matters which are necessary to

be done in order to divest the title of the former owner or those claiming through him, and to execute a valid deed of conveyance.

4. CONSTITUTIONAL LAW—*Trial Required.* In judicial investigations the law of the land requires an opportunity for a trial, and there can be no trial if only one party is suffered to produce his proofs. Except in those cases which fall within the established doctrine of estoppel at the common law, or cases resting on like reasons, it is not within the power of the legislature to declare that a particular item of evidence shall preclude a party from establishing his rights in opposition to it.

(Syllabus by the Court.)

*Appeal from the District Court of Garfield County; before B. F. Burwell, District Judge.*

*J. S. Jenkins,* for plaintiff in error.

*H. B. Mitchell,* for defendants in error.

Opinion of the court by

BURFORD, C. J.: This was a suit in equity to cancel a tax deed. The plaintiff in the court below was the holder of a mortgage upon the real estate described in the tax deed. Alfred P. Bond was the owner of the land, and Jane Wilson the holder of the tax deed. The land was sold for taxes, and a certificate of sale issued to W. J. Patterson, and it was alleged in the petition that the tax certificate had never been properly assigned to Jane Wilson, but that a pretended assignment had been made by one John Holzapfel, as agent, who had no authority to make said assignment, and that on said pretended assignment the county treasurer had executed a pretended deed to Jane Wilson, which was in violation of the rights of the mortgagee. It was further alleged that a tender of a sufficient sum of money had been made to pay all taxes, penalties, costs and interest for which the prop-

erty had been liable, and the tender was further offered in court. The plaintiff asked for a foreclosure of his mortgage, the cancellation of the tax deed, and sale of the land to pay his mortgage debt. The tax certificate and assignment thereon, and the tax deed, were each made exhibits to the petition. The certificate shows that it was issued by the county treasurer of Oklahoma county on the 18th day of November, 1895, to W. J. Patterson, the purchaser at tax sale of the real estate described therein. It bears a written assignment, executed January 13, 1898, to Jane Wilson, signed, "W. J. Patterson, by John Holzapfel," and on the same day Holzapfel acknowledged the execution of the assignment before a notary public, as his own free act and deed, as agent for W. J. Patterson. The tax deed was executed on June 28, 1898, by the county treasurer to Jane Wilson, on presentation of the certificate and assignment above described.

A demurrer was filed to the petition and overruled. The defendant Jane Wilson then filed her answer in which she denied that her tax deed was void, denied that the tax certificate or the assignment from Patterson was void or invalid, and averred that she paid full value for the same, and received said certificate; that she delivered said certificate to the county treasurer and received said deed, and that no tender of the amount of taxes "admitted to be due" had been made to her. She prayed that her title be quieted, and plaintiff's mortgage cancelled. A demurrer was filed to this answer, which was sustained by the court. The defendant elected to stand on the answer, and the court rendered judgment for

plaintiff as prayed in his petition. From this judgment Jane Wilson appeals.

But one question is presented and argued by plaintiff in error. It is contended that the statute, sec. 5667, makes a tax deed conclusive, "That the grantee named in the deed or his assigns was the purchaser," and that the court erred in considering the assignment of the tax certificate and holding such assignment void. This incidentally presents two questions, viz: First, How may a tax certificate be legally assigned, and Second, Is the certificate and assignment essential to the validity of the estate conveyed by the tax deed? Section 5657 provides:

"The purchaser of any tract of land sold by the county treasurer for taxes will be entitled to a certificate in writing describing the land so purchased and the sum paid and the time when the purchaser will be entitled to a deed, which certificate shall be assignable and said assignment must be acknowledged before some officer having power to take acknowledgment of deeds; such certificate shall be signed by the treasurer in his official capacity, and shall be presumptive evidence of the regularity of all prior proceedings."

Section 5666 provides:

"That if the land is not redeemed within two years, and the certificate of purchase has not been returned for cancellation, the trasurer shall execute a deed to the purchaser, his heirs or assigns, which deed shall vest in the grantee an absolute estate in fee simple in such land."

While the tax certificate does not pass title to the land, it is evidence of an equitable interest, which may ripen into a legal title, and therefor does convey an interest in land. The certificate is a part of, and is essential to the sale. There cannot be a completed sale without it. It is one of the essentials necessary to confer title on the

owner, and hence cannot be dispensed with. It is not a negotiable instrument, and cannot be assigned except where authorized by statute; then the statutory mode of assignment must be followed. In the absence of a statute authorizing an assignment of a tax certificate, the interest in the land of which the certificate is the evidence can only be conveyed in the manner that real estate is conveyed. Where an assignment is made without authority of law, and a tax deed is made to the assignee, the deed will be void. (Black on Tax Titles, Secs. 312 to 320.)

Our statute provides that tax certificates "shall be assignable and such assignment must be acknowledged before some officer having power to make acknowledgement of deeds." Acknowledged by whom? Certainly by the owner or some one authorized to execute this power for him. It cannot be seriously contended that a mere agent may assign a certificate which conveys an interest in land, and personally acknowledge the execution of such assignment. The Statute, Laws 1897, Chap. 8, prescribes how conveyances may be executed. Section 3 provides:

"Any instrument affecting real estate may be made by an attorney in fact, duly appointed and empowered as hereinafter provided."

Section 19 provides:

"A power of attorney in fact for the conveyance of real estate or any interest therein, or for the execution or release of any mortgage therefor shall be executed, acknowledged and recorded in the manner required by this act for the execution, acknowledgment, and recording of deeds and mortgages, and shall be recorded in the county where the land is situated."

It will be observed that the assignment by the agent of Patterson did not comply with the statute regulating assignments of tax certificates, nor with the law governing conveyances; hence, the assignment endorsed on the certificate is not valid for any purpose.

Counsel for plaintiff in error insist that the assignment was good as between Patterson, the purchaser, and Wilson the transferee; conceding this proposition to be correct, it does not follow that the assignment is sufficient to transfer such an interest in the land as will defeat the title of the owner or the mortgagee. This assignment must be sufficient to transfer an interest in real estate, and to entitle the assignee to a conveyance which will divest the title or interest of the mortgagee. The assignment as between Patterson and Wilson was probably sufficient to entitle her to the redemption money, or as between them to have a valid assignment executed and a good deed made; but not as against others having an interest in the land adverse to them.

We think the trial court was correct in holding that the assignment of the certificate and deed based thereon were void as against the mortgagee's interest as shown by the petition.

This brings us to the second branch of the question. Is a certificate an essential to the validity of the title conveyed by a tax deed, and is the deed conclusive as against the mortgagee in this cause? There has been much discussion by the text writers and jurists as to how far the legislature may go in making matters of evidence conclusive without infringing on the constitutional limitations. The supreme court of the United States in *Marx v. Hawthorn*, 146 U. S. 172, said:

"It is competent for the legislature to declare that a tax deed shall be *prima facie* evidence, not only of the regularity of the sale, but of all prior procedings, and of the title of the purchaser, but the legislature cannot deprive one of his property by making his adversary's claim to it, whatever that claim may be, conclusive of its own validity, and it cannot therefore make the tax deed conclusive evidence of the holder's title to land."

In *McCready v. Sexton,* 29 Iowa, 336, the supreme court, after an exhaustive review of this question, sum up as follows:

"We conclude therefore upon principle as well as upon precedent and authority, that the legislature does not possess power to declare the tax deed to be conclusive evidence of compliance with those matters which are essential to the exercise of the taxing power. But as to non-essentials or matters merely directory such power may exist and the deed becomes conclusive of their due performance."

This rule requires some modification or rather extension. It may be said to be correct, that the legislature has no power to declare the tax deed to be conclusive evidence of compliance with those matters which are essential to the exercise of the taxing power, but we think it equally as correct that the legislature cannot make the tax deed conclusive evidence of compliance with any act or condition required to be done or performed which is necessary to divest title to or interests in real estate, and vest the same in the grantee in a tax deed.

Judge Cooley, in his valuable treatise on Constitutional Limitations, Sixth Ed., p. 452, states the true rule as follows:

"But there are fixed bounds to the power of the legislature over this subject which cannot be exceeded.  As to what shall be evidence, and which party shall ·assume the burden of proof in civil causes, its authority is practically unrestricted, so long as its regulations are impartial and uniform; but it has no power to establish rules which under pretence of regulating the presentation of evidence, go so far as altogether ·to preclude a party from exhibiting his rights.  Except in those cases which fall within the familiar doctrine of estoppel at the common law, or other cases resting upon the like reasons, it would not, we apprehend, be in the power of the legislature to declare that a particular item of evidence should preclude a party from establishing his rights in opposition to it.  In judicial investigations the law of the land requires an opportunity for a trial; and there can be no trial if only one party is suffered to produce proofs. The most formal conveyance may be a fraud or a forgery. Public officers may connive with rogues to rob the citizen of his property; witnesses may testify or officers certify falsely, and records may be collusively manufactured for dishonest purposes; and that legislation which would preclude the fraud or wrong being shown, and deprive the party wronged of all remedy, has no justification in the principles of natural justice, or of constitutional law. A statute, therefore, which should make a tax deed conclusive evidence of a complete title and preclude the owner of the original title from showing its invalidity, would be void; because being not a law regulating evidence, but an unconstitutional confiscation of· property."

This same doctrine was announced by this court in *Weeks v. Merkle*, 6 Okla. 714.

As the certificate and the proper assignment of it were necessary steps, precedent to the issuing of a valid tax deed in the case under consideration, we think the legislature had no power to preclude the persons interested

in the real estate sought to be conveyed from having their validity inquired into. The assignment relied upon was in fact void. Without an assignment no valid deed could issue to the plaintiff in error, and as there was no assignment made in the manner required to transfer the interest in the land represented by the tax certificate, it follows that the deed was not valid as against the mortgagee.

It is next contended that inasmuch as the answer denied the allegation of tender, that an issue of fact was presented for trial which precluded the court from rendering judgment on demurrer. We do not think this objection is well founded. While it is true that the allegation was made in the petition that the plaintiff had tendered to the defendant in lawful money a sufficient sum to cover all taxes, interest, costs, and penalties, for which the real estate was liable, in addition to this the offer was made in the petition to pay into court for use of defendant all such sums as the court might find to be due for taxes, interest, penalties and costs. The answer contained this averment: "No payment of the amount of the taxes admitted to be due has been tendered or paid." This is not a denial of the averment in the petition. It limits the denial to taxes "admitted to be due." This is a negative pregnant, and denies nothing.

There was no error in the rulings of the district court, and the judgment is affirmed, at the costs of plaintiff in error.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.