A. J. MATTOCKS AND J. J. MATTOCKS V. THE MCLAIN LAND AND INVESTMENT COMPANY.

(Filed February 18, 1902.)

1. **TAX WARRANT—Form of.** Since there is no authority to the county treasurer for the collection of taxes, except upon the warrant issued to him under the law by the county clerk, which provides that the warrant shall be issued "under the hand and official seal" of the county clerk; and as the county clerk is an officer having an official seal, it is held that a warrant issued by him without the use of the official seal is invalid, and contains no authority for the collection of taxes.

2. **TAX CERTIFICATE—Assignment.** Under the statute which authorizes an assignment of a tax certificate, but that the assignment shall be acknowledged before some officer having authority to take acknowledgments of deeds, an assignment of a tax certificate without such acknowledgment is void.

(Syllabus by the court.)
28—

Mattocks *et al* v. The McLain Land and Investment Co.

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Bradley & Bradley,* for plaintiff in error.

*W. C. Stevens, for* defendant in error.

### STATEMENT OF FACTS.

This is an action brought by The McLain Land and Investment company to recover possession of land from plaintiffs in error, J. J. Mattocks and A. J. Mattocks, his wife. The evidence showed that the company was entitled to the relief sought for, unless it should be found that a tax deed taken by the wife, A. J. Mattocks, was valid. The deed was issued March 11, 1898, and the suit was begun May 11, of the same year.

The evidence showed that the land was sold for the taxes of 1894 to L. A. Bigger, who signed his name to the assignment of the certificate in blank, and it was in this condition when presented to the treasurer for a deed on April 11, 1898. The name of Mrs. A. J. Mattocks was inserted in the certificate, at the time, by the deputy treasurer, at the request of one Horton. The assignment of the certificate bore no acknowledgment.

A tax warrant was issued by the county clerk to the county treasurer, authorizing him:

"To collect the within tax of 1894, in and for Kingfisher county, O. T.

"Witness my hand and seal of office this 12th day of December, A. D. 1894.

"W. C. LONG, County Clerk."..

The tax warrant did not bear the official seal of the county clerk.

Opinion of the court by

McATEE, J.: It has heretofore been held in this court in *Frazier v Prince*, 8 Okla. 253, that "a sale of real estate by the county treasurer without having previously received the warrant of the clerk directing the collection of taxes for which the real estate was sold, is without authority of law, and a tax deed for such real estate issued to the purchaser thereof, by the treasurer, is absolutely void."

Section 5631 of the Statutes of 1893, authorizing the sheriff to collect taxes, provides that "the county clerk shall attach to the lists, his warrant under his hand and official seal, in general terms requiring the treasurer to collect the taxes therein levied according to law * * * * *."

It is stated by Judge Cooley in his work on Taxation, 292, that "before the treasurer is authorized to proceed in the collection of taxes, he must have his warrant for the purpose, in due form of law * * * * * *Whatever the statute provides for, in this regard, the collector must have, and he is a tresspasser if he proceeds to compulsory action without it.

"Upon this point the decisions are numerous and uniform * * * * *.

"There must also be a law authorizing the issue of a warrant, and some person authorized to issue it, and it must conform to the law authorizing it, and be issued by the proper person designated by law, or it is no protection to

a collector. No question is made anywhere of the correctness of this doctrine. Whatever may be the requisites of the warrant under the statute, care must be taken that they be observed."

Since, therefore, there is no authority whatever to the county treasurer for the collection of taxes except 'upon the warrant issued under the law to him by the county clerk, and since the law provides that the warrant shall be issued by the county clerk under his hand and official seal, and since the county clerk is an officer having an official seal, he cannot undertake to discharge this most important duty of his office without attaching it to his warrant.

The serious, important and official character of an act is corroborated not only by the signature of his hand but by the attachment of his official seal, and he may not act, and has no power to act in these matters without attaching the official seal of his office. The law requires it. It is mandatory upon the officer and must be obeyed * * * * and a warrant is void without it. And the proceedings taken under a warrant not so executed are illegal and void. (Cooley on Taxation, p. 292; Black on Tax Titles, sec. 201.)

It is well established that when an authority is exercised by an officer having an official seal, and when the law directs that it shall be exercised by the use of an official seal, and makes no other provision for the exercise of that authority, then the attempted exercise of the authority, without the use of the official seal, is void.

The use of the official seal is the only mode provided for by the law for showing the authenticity of an official act.

(*Meskimen v. Day,* 35 Kan. 46; *Lessees of Boal v. King,* 6 Ohio, 11; *Dexter v. Cochran,* 17 Kan. 450; *Kelley v. Mc-Blain,* 46 Kan. 764.)

The property in question was purchased by Bigger, and by him assigned without acknowledgment. The statute authorizing such an assignment provides in sec. 5657, Statutes of 1893, that "* * * * * * which certificates shall be assignable, and such assignment must be acknowledged before some officer having power to take acknowledgments of deeds * * * * * *." This provision of the statute is also mandatory.

The assignment was attempted to be made without the acknowledgment required by law, and was invalid, and did not entitle the assignee to the tax deed set up as a defense in this action.

Either of these irregularities was fatal to the validity of the tax deed.

The judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.