## CAMPBELL v. McGRATH et ux.

No. 16308—Opinion Filed April 6, 1926.

1. **Taxation—Action to Cancel Void Tax Deed—Tender of Amount Required to Redeem Unnecessary.**

It is not necessary, in order to maintain an action to cancel a void tax deed, that the taxes, interest, penalties, and costs required to redeem the land from tax sale be paid or tendered.

2. **Same—Limitation Statute Inapplicable.**

Section 9753, C. S. 1921, providing that an action to avoid a tax deed shall be commenced within one year after the recording of such deed, has no application to an action to avoid a void tax deed.

3. **Same—Estoppel to Assert Invalidity of Tax Deed by Acceptance of Surplus of Price Paid for Deed.**

The owner of real estate, who withdraws and accepts from the county treasurer the surplus of the purchase price paid as a consideration for a tax deed to such real estate, will be estopped from attacking or asserting the invalidity of such tax deed; and this rule is also applicable to the grantee of such owner, purchasing with knowledge of such facts.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; E. A. Summers, Assigned Judge.

Action by J. O. Campbell against M. McGrath and wife. Judgment for defendants, and plaintiff brings error. Affirmed.

T. L. Brown and Phil W. Davis, Jr., for plaintiff in error.

Moss & Farmer and B. P. Slade, for defendants in error.

Opinion by JARMAN, C. The parties occupy the same position here as in the trial

court: On January 12, 1923, plaintiff, J. O. Campbell, commenced this action against defendants M. McGrath and wife to quiet title to several town lots and to cancel tax deeds therefor held by them. From a judgment in favor of defendants on cross-petition, plaintiff brings error.

Plaintiff alleged that he was the owner and in the actual possession of the lots, and that defendants claimed an estate or interest therein adverse to him, constituting a cloud upon his title. Defendants filed answer and cross-petition, alleging ownership of the lots by reason of purchase at resale by the county treasurer for delinquent taxes for the year 1918, and that such deeds therefor by the county treasurer were of record for more than one year prior to the purchase by plaintiff of said lots and the commencement of his suit to cancel defendants' deeds and to quiet title; that plaintiff knew of such ownership by defendants; that plaintiff has not paid nor tendered to defendants, nor to any one for their use, the amount of taxes, interest, penalty, and costs paid and accrued on the lots; that there was a surplus paid for said lots at the resale for taxes over and above the amount of taxes, interest, penalty, and costs, which was by the county treasurer paid to the record owner, plaintiff's grantor, and that plaintiff, having actual and constructive knowledge thereof, is barred by the statute of limitations and estopped from asserting ownership of said lots, and prays judgment for the lots, and that plaintiff be forever barred from claiming or asserting any interest therein.

The controversy is over outlying, unfenced, and unimproved town lots in Moreland addition to the city of Tulsa. It was stipulated that the resale tax deeds covering the lots, standing by themselves, were void. Plaintiff testified, among other things, that he knew defendants had purchased said lots and held recorded deeds for them; that he had the abstract examined and examined it himself, and saw the tax deeds; that he bought the lots from Ballenger on January 9, 1923, three days before he filed suit to quiet title to them; that they were worth $200 each, with clear title; denied that Ballenger told him the surplus of the purchase price had been drawn on the said lots by Ballenger, the record owner. Ballenger testified for defendant that he was the record owner of the lots; that he knew about the tax deeds at the time he sold the lots to plaintiff; that he received the surplus money from the county treasurer, and knew that such surplus applied to the lots in controversy, and advised plaintiff, at the time of the transaction, of having received the sur-

plus and of the tax deeds, and that plaintiff knew all of such facts.

The cause was tried to the court, and there was a general finding in favor of defendants as to lots 7, 8, 17 and 18, while there was a conditional finding in favor of plaintiff for lots 5 and 6, upon the payment by plaintiff to the court clerk, for the benefit of the defendants within 20 days, of all sums that the defendants had paid for the purchase of lots 5 and 6. The condition was not performed by plaintiff, and the judgment of the court became final in favor of defendants as to all of said lots.

This is a suit to cancel tax deeds, stipulated in this record to be void in themselves, and we are not unmindful of the holding in Davenport et al. v. Doyle, 57 Okla. 341, 157 Pac. 110, that:

"Where a tax deed is void, it is not necessary that the owner, in an action to cancel the same, tender or pay the taxes, interest, penalties, and cost required to redeem the land from tax sale"

—nor of the holding in Union Savings Ass'n v. Cummins et al., 74 Okla. 201, 177 Pac. 901, that section 9753, C. O. S., 1921, providing that an action to avoid a tax deed shall be commenced within one year after the recording of such deed, does not apply to an action to avoid a void tax deed; therefore, this action was not barred by the statute of limitation of one year, neither was it a prerequisite to the maintenance of the action to tender or pay the amounts required to redeem the property.

The court's general finding for defendants embraces a finding that plaintiff had full knowledge of the sale and resale of the lots for delinquent taxes, of defendants' purchase, payment and deeds, and though there was contradictory evidence, it inheres in the finding and judgment that plaintiff also had full knowledge that his vendor had drawn the surplus for these lots from the county treasurer, and, having so accepted said surplus, his vendor was estopped from attacking the sale so as aforesaid. Plaintiff derived his title, if any, from his vendor, with full knowledge of all the facts, and the plaintiff is in no better position than his grantor.

The plaintiff and his grantor will not be permitted to accept the benefits of the tax sale, and then be heard to say that such tax sale was illegal; and, in this connection, the equitable principles involved in section 5247, C. S. 1921, providing that any person or corporation, having knowingly received and accepted the benefits of any conveyance or contract relating to real estate, shall be estopped to deny the validity of such conveyance

or contract, is applicable here. The question of the effect of the tax deeds, or what rights the defendants may assert thereunder, is not involved. The real question is whether the plaintiff, under the circumstances, may be heard to assert in a court of equity the invalidity of the tax deeds.

"One who accepts the proceeds of a sale of his property by another with knowledge that it is the proceeds of a sale of his property, is estopped to assert title thereto against the purchaser or those claiming under him." 21 C. J. 1212.

Upholding this principle are: Mass. Bonding Co. v. Vance, 74 Okla. 261, 180 Pac. 693; Ewing v. Ellis County, 53 Okla. 250, 156 Pac. 229; Chandler v. Roe, 46 Okla. 349, 148 Pac. 1026; Avey v. VanVoorhis, 42 Okla. 232, 140 Pac. 615; Carlisle et al. v. Nat. Oil & Refining Co., 108 Okla. 18, 234 Pac. 629; Moore et al. v. Rochester-Weaver Min. Co. (Nev.) 174 Pac. 1017.

Finding no prejudicial error, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See undr (1) 37 Cyc. p. 1498. (2) 37 Cyc. p. 1504; anno. 27 L. R. A. (N. S.) 339. (3) 21 C. J. p. 1212 § 214; 37 Cyc. p. 1490.