## FARMERS NAT. BANK OF OKLAHOMA CITY et al. v. GILLIS.

No. 21850. Opinion Filed March 15, 1932.

Cheek & McRill, for plaintiffs in error.

Tom G. Haile and Edwards & Robinson, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error, the plaintiff in that court, against the plaintiffs in error, the defendants in that court. Hereinafter the parties will be referred to as plaintiff and defendants.

The plaintiff, in his petition, deraigned his title to the real estate in controversy. He therein alleged ownership of the property; the right to the immediate possession thereof; that the title thereto is claimed by the defendants by reason of a tax deed issued to Mrs. C. Morrison and a quitclaim deed from her to E. M. Page; that the tax deed is void for certain assigned reasons, among which is that of want of sufficient notice of the delinquent tax sale and want of proper notice of the intention to demand a tax deed, and that the tax deed and quitclaim deed are clouds upon the title of the plaintiff. The defendants, in their answer, admitted that they claimed ownership of the property by virtue of the tax deed; denied the other allegations of the

petition; pleaded open and notorious possession adverse to the plaintiff, culminating in a title by prescription by virtue of subdivision 3, section 183, and sections 8552, 8554, and 9753, C. O. S. 1921, and res adjudicata.

Prescriptive title is based upon occupancy of the property to which the title is asserted.

"In accordance with the familiar rule that the burden of proof rests upon him who has the affirmative of an issue, the party relying on a title by adverse possession has the burden of proving all the facts necessary to establish such a title. Adverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference. All of its constituent elements must be established. Thus, it is necessary to prove an actual, open, notorious, exclusive, and hostile possession for the full statutory period." 1 R. C. L., p. 695, sec. 9; Flesher v. Callahan, 32 Okla. 283, 122 P. 489; Vernor v. Poorman, 59 Okla. 105, 158 P. 615, and Stolfa v. Gaines, 140 Okla. 292, 283 P. 563.

The evidence in this case, as disclosed by the record, does not show a prescriptive title under the rule stated.

The plaintiff contends that the tax deed is void for failure to give the notice required by section 9749, C. O. S. 1921. This court has frequently held that section to be mandatory. See Dawson v. Anderson, 38 Okla. 167, 132 P. 666; Union Savings Ass'n v. Cummins, 78 Okla. 265, 190 P. 869; Hutchins v. Richardson, 100 Okla. 80, 227 P. 432; and Smith v. Bostaph, 103 Okla. 258, 229 P. 1039. The record shows that the required notice was not given.

In Campbell v. McGrath, 117 Okla. 126, 245 P. 634, this court held:

"Section 9753, C. S. 1921, providing that an action to avoid a tax deed shall be commenced within one year after the recording of such deed, has no application to an action to avoid a void tax deed.

"It is not necessary, in order to maintain an action to cancel a void tax deed, that the taxes, interest. penalties, and costs required to redeem the land from tax sale be paid or tendered."

See, also, Union Savings Ass'n v. Cummins, 74 Okla. 201, 177 P. 901, Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, and Whitcomb v. Vaughan, 149 Okla. 81, 299 P. 216.

The tax deed being void, the statute of limitations did not bar the claim of the plaintiff, and title by prescription was not vested in the defendants.

The plea of res adjudicata is based on the judgment rendered in an action entitled "John P. Gilles, Plaintiff, v. E. M. Page Estate (Farmers National Bank of Oklahoma City, Executor) Defendant," in the district court of Oklahoma county. On an appeal to this court from the judgment in that cause, this court, on the 26th day of January, 1932, in cause No. 20693, 154 Okla. 230, 7 P. (2d) 490, held:

"Where one sues or is sued in a representative capacity, it must be alleged that it is in such representative capacity, and a mere statement of representative character following the name of plaintiff in the title of the petition will be treated as descriptio personae"

—following the decision of this court in Ferris v. Jones, 78 Okla. 154, 189 P. 527. Under that holding, that action was against the Farmers National Bank of Oklahoma City in its capacity as such and not as executor. In the instant suit the Farmers National Bank is denominated trustee in the caption, but there is no allegation of the trust relationship in the petition. The judgment in the former suit was not such an adjudication as to bar the rights of the plaintiff in this action under the rule stated in Ratcliff-Sanders Grocer Co. v. Bluejacket Merc. Co., 63 Okla. 298, 164 P. 1142, Fullerton v. State ex rel., 140 Okla. 122, 282 P. 674, and other decisions of this court.

We find no error in the judgment of the trial court, and it is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, HEFNER, and CULLISON, JJ., absent.

Note.—See under (1), 1 R. C. L. 695, 696; R. C. L. Perm. Supp. p. 188; R. C. L. Pocket Part, title Adverse Possession, § 9. (2), 25 R. C. L. 774. (4), 15 R. C. L. 964, 1012, 1049; R. C. L. Perm. Supp. pp. 4013, 4026; R. C. L. Pocket Part, title Judgments, §§ 438, 485.