## JONES v. STORIE.

No. 22586. Feb. 5, 1935.

Motion to Modify Opinion Denied June 4, 1935.

Leo G. Mann, for plaintiff in error.

Willingham & Farris, for defendant in error.

PER CURIAM. This action was brought in the district court of Oklahoma county by the plaintiff, Robert Storie, on July 9, 1930, to set aside and cancel a certain tax deed covering the real estate described as lots 6 and 7 in block 10, Armondale addition to Oklahoma City, issued by the county treasurer of Oklahoma county to the defendant, E. Hammond Jones, on the 20th day of March, 1930, and to determine the heirs of Sarah J. Wingler and Ina Wingler Robare, deceased.

Plaintiff's title is based upon a quitclaim deed obtained from the record owner, and he also has a tax deed issued to him by the county treasurer of Oklahoma county of January 22, 1930. The defendant, in his answer, pleads a misjoinder of parties defendant and also causes of action, and that the court is without jurisdiction to determine heirship, and then sets up his own title, namely, the tax deed issued to him, hereinbefore mentioned, the one which plaintiff seeks to cancel.

The issues thus made were tried on January 22, 1931, and from a judgment in favor of plaintiff, the defendant has duly appealed. For convenience, the parties will be designated as in the trial court.

The questions of misjoinder of parties defendant and causes of action and jurisdiction of the court to determine heirship are not necessary to determine, as they are not raised by the defendant in this court. The parties stipulated in the beginning of the trial as to the record chain of title to the property prior to the issuance of the tax deed to the defendant, and as to the heirs, devisees, and legatees of the then owners and subsequent owners, and the evidence discloses the various deeds of conveyance by the record owners, including the quitclaim deed to the plaintiff, Storie. The only question, therefore, necessary to determine, is the validity of the tax deed, under which the defendant claims.

It was contended by plaintiff in the trial court that the Jones deed was fatally defective and void for many reasons. Among others assigned are: (1) That the treasurer failed to advertise the sale of the property for the 1925 taxes; that is to say, the property sold was not included in the advertisement of notice of the November, 1926, sale, the same being the sale under which the defendant, Jones, secured his deed; (2) that the treasurer undertook to sell both lots together for a lump sum; (3) that the treasurer failed to file a return of the property sold showing to whom the property was sold; (4) that the property had been redeemed from the purported tax sale before the execution of the tax deed to the defendant.

To support these various contentions, the plaintiff introduced in evidence the proceedings of the county treasurer, as disclosed by the records of that office, as well as the record of the proceedings in the office of the county clerk of Oklahoma county, upon which the Jones deed is based, including the deed itself; also the testimony of the deputy county treasurer and deputy county clerk, who substantiated the contentions of the plaintiff.

The defendant likewise offered in evidence the proceedings upon which he claimed his tax deed was based, including the deed itself. At the close of all the evidence, the trial court found generally for the plaintiff.

This court has repeatedly held that:

"In a civil action triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding, and where such finding is not clearly against the weight of evidence, the judgment will be affirmed." Watashe v. Tiger, 88 Okla. 77, 211 P. 415; Oklahoma Digest Ann., "Appeal and Error," section 595, vol. 6, pp. 129, et seq.

We have examined the record in this case and find that the evidence, both oral and documentary, sustained the findings of the trial court. The notice of sale for November, 1926, the proceedings upon which the Jones deed is based, did not include the property involved herein. It was not a case of error in description; there was a total failure to include this property in the description.

Section 9731, C. O. S. 1921 (sec. 12741, O. S. 1931), provides,

"The treasurer shall give notice of the sale or real property for delinquent taxes by publication thereof once a week for three consecutive weeks * * * and shall contain a list of the lands to be sold and the amount of the taxes due. * * *"

Under this section of the statute, it was necessary to give notice of the sale of the property by publication of a delinquent tax sale notice, one a week for three consecutive weeks, not less than twenty-one (21) days, and such notice must contain a list of the lands to be sold. Fickel v. Webb, 146 Okla. 16, 293 P. 206.

The deputy county clerk, Mrs. Haney, testified that the property was not contained in the published notice.

Where it is shown by the testimony of the deputy county treasurer that a notice of publication of a tax sale has not been published for the required length of time, in the absence of proof to the contrary, it will be sufficient to show that the tax sale certificate is void. Foster v. Board of County Comm., 144 Okla. 14, 289 P. 347.

The above cases hold that because of the insufficient notice of sale, the proceedings are invalid. In the case at bar, there was no notice whatever. Therefore, both the sale and subsequently issued deed are invalid.

The defendant says, however, that the case must be reversed, notwithstanding the general findings of the trial court against him and in favor of the plaintiff, for the reason that the court erred in refusing to require the defendant to tender and pay to plaintiff the amount of taxes, interest, and costs for which the tax deed was issued to plaintiff. And in this connection, the defendant calls our attention to section 9751, C. O. S. 1921 (sec. 12761, O. S. 1931) which provides:

"* * * and until all taxes, interest, penalties, costs and expenses shall be paid or tendered by the party commencing such action."

Plaintiff, in his petition, tendered into court for the use and benefit of the defendant any sums which the court might find due the defendant. We hold, however, that no tender or payment was necessary by the plaintiff to the defendant for the reason that the trial court found, and we hold, the tax deed to be void. In such case, the above statute is not applicable.

In the case of Campbell v. McGrath, 117 Okla. 126, 245 P. 634, this court held:

"It is not necessary in order to maintain an action to cancel a void tax deed, that the taxes, interest, penalties, and costs required to redeem the land from tax sale be paid or tendered."

See, also, Farmers National Bank of Oklahoma City v. Gillis, 155 Okla. 290, 9 P. (2d) 47; Wade v. Crouch, 14 Okla. 593, 78 P. 91.

The case of Sarkeys v. Lee, 149 Okla. 287, 300 P. 383, as cited by the defendant, is likewise inapplicable, as it has to do with a voidable or irregular tax deed, and has no application to a void tax deed.

We are not called upon to pass upon the validity of the tax deed held by the plaintiff, Storie, because we think it immaterial whether the Storie tax deed is good or bad. Storie claims his title through a quitclaim deed from the record owner, and is in possession of the property. The defendant's tax deed being void, plaintiff, Storie, was entitled to have the same canceled.

We find no error in the judgment of the trial court, and it is, therefore, in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys Ross Rizley, D. P. Parker, and A. S. Dickson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rizley, and approved by Mr. Parker and Mr. Dickson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.