## PARKS et al. v. LYONS.

No. 27712.   Oct. 18, 1938.

Irwin Donovan and W. R. Banker, for plaintiffs in error.

E. F. Maley, for defendant in error.

HURST, J. This is an action to quiet title based on a certificate tax deed. The trial court held the tax deed void, and further held that the mortgage of defendant, Alphia French Lyons, is superior to plaintiff's interest. Plaintiff appeals.

■ The first question to be determined is whether the tax deed upon which plaintiff's title is based is void. Defendant urges several reasons why it is, but, without determining the merit of the other contentions, we believe the deed is void for the reason that the assignment of the tax sale certificate to plaintiff's grantor did not comply with section 12747, O. S. 1931 (68 Okla. St. Ann. sec. 388), and was therefore void, and consequently the tax deed based thereon must likewise fail. The following facts are pertinent to this decision:

The land in question was sold for the 1926 taxes to one J. W. Parker in November, 1927, and a tax sale certificate was properly issued to him. The certificate shows an assignment thereof by Parker to one Ben G. Harned on December 29, 1933. The acknowledgment to the assignment recites: "Given under my hand and notarial seal, this 29th day of December, A. D. 1934. Vera Lark, Notary Public. My commission expires Jan. 6, 1934." In 1935, Harned served notice of application for tax deed and on September 25, 1935, the county treasurer executed the tax deed in question to him. On that day, Harned conveyed the property to plaintiff Parks by quitclaim deed.

Section 12747, supra, provides that a tax sale certificate is assignable "and said assignment must be acknowledged before some officer having power to take acknowledgment of deeds." This statute is mandatory. Wilson v. Wood (1900) 10 Okla. 279, 61 P. 1045; Mattocks v. McLain Land & Investment Co. (1902) 11 Okla. 433, 68 P. 501; Eager v. Pugh (1926) 123 Okla. 207, 253 P. 41; and Wiggs v. Flatt (1931) 154 Okla. 94, 6 P.2d 690. It was held in Wilson v. Wood, supra, that "a tax certificate, and a valid assignment thereof, where the assignee claims title under a tax deed, are es-

sential and necessary to the validity of the deed, and to the authority of the taxing powers to divest the title of the former owner or those claiming through him."

The tax deed, upon which plaintiff's title rests, is void because the commission of the notary public had expired approximately one year before she took the acknowledgment, and therefore the assignment was not acknowledged before an "officer having power to take acknowledgment of deeds" as required by section 12747, supra.

Plaintiff seeks to avoid this result by contending that it is apparent from the face of the instrument that the notary made a clerical error in dating her acknowledgment, and that it was in fact acknowledged on December 29, 1933, which is the date of the assignment itself. There is no direct evidence to support this contention. On the contrary, an examination of the affidavit of publication of notice for application for tax deed sworn to by Harned (the assignee of the tax sale certificate) and each of the notices of application for tax deed signed by Harned, and the tax deed itself, affirmatively discloses that Parker assigned the certificate to Harned on December 29, 1934. Furthermore, Harned testified that he purchased the tax sale certificate from one Scripture in 1935, and there is no evidence that he purchased the same from Parker on December 29, 1933. Under these circumstances, we cannot agree that the date appearing in the acknowledgment of the certificate is a mere clerical error.

Plaintiff also contends that the recital by the notary public of the date upon which his commission expires is not required by our statute, is surplusage and should be disregarded. In this plaintiff is in error. Section 5907, O. S. 1931 (49 Okla. St. Ann. sec. 5), requires a notary public to add to his official signature the date of expiration of his commission as such notary public, and makes his failure to do so a misdemeanor.

■ Plaintiff next asserts that the trial court erred in quieting title in defendant Lyons against the claims and demands of plaintiff and persons claiming through him and his principals, and enjoining plaintiff and his assigns from claiming or asserting any right, title, or interest in and to said lands. The pleadings disclose that the land in question was encumbered by a first mortgage, executed in 1917 to Freeman B. Walton, and a second mortgage to Alphia French Lyons, executed in 1924. In making this contention, plaintiff construes the decree of the trial court to declare Lyons' mortgage lien superior to Walton's mortgage lien and the lien on the land for the taxes. Neither of these two liens was involved in this action, and of course the trial court, on the basis of the record in this case, could not have made any order adjudicating the superiority of Lyons' lien as to these claims. We construe the decree of the trial court to mean, and it can only mean, that plaintiff's tax deed is void and that Lyons had a valid mortgage on the land superior to any rights or claims arising out of the tax deed.

■ The next question for consideration is whether the court committed error in rendering judgment in favor of the defendant, Lyons, on her cross-petition without requiring her to pay the taxes, interest, penalty, and costs assessed against the land. This question requires a consideration of our statutes and decisions on the subject of tender.

Our statutes, sections 12668, 12761 and 12763, O. S. 1931 (68 Okla. St. Ann. secs. 360, 453, 455), have been in force since their enactment as a part of the same act in 1909. Sections 12668 and 12763 are reenactments of territorial statutes (sections 6041 and 6038, Wilson's Rev. & Ann. S. 1903). They provide as follows:

"12668. Whenever any action or proceeding shall be commenced and maintained before any court or judge to prevent or to restrain the collection of any tax or part thereof or to recover any such tax previously paid, or to recover the possession or title of any property, real or personal, sold for taxes or to invalidate any deed or grant thereof for taxes or to restrain, prevent, recover or delay any payment of taxes, the true and just amount of taxes due upon such property or by such person if in dispute, must be ascertained and paid before the judgment prayed for, and if not in dispute must be paid in accordance with the provisions of this chapter."

"12761. To defeat the deed, the person desiring to set the same aside and recover the land, or to resist the recovery of possession by the holder of the deed in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence, must show that he or the person under whom he claims, had the right to redeem the land from tax sale at the time the deed was made, and must, when his action to set aside the tax deed is brought, or a defense to a recovery of possession is plead, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his action or defense, as

the case may be, shall be dismissed. The rule that tax proceedings are to be strictly construed as against the tax purchaser, shall not apply to proceedings under this act, but in all courts its provisions shall be liberally construed, to the end that its provisions and all proceedings thereunder shall be sustained."

"12763. No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action."

The validity of these statutes is not questioned. While we are not concerned with the question as to whether they are wise and just, we note that they carry out the rule enforced in equity, in the absence of a statute, when the former owner or one claiming an interest in the land is seeking affirmative relief from a tax sale. 61 C. J. 1409; 26 R. C. L. 439; Cooley, Taxation (4th Ed.) sec. 1508; and note in L. R. A. 1915C, 492. Such statutes, being remedial, should be liberally construed so as to carry out the manifest intention of the Legislature, which is that the one whose duty it was to pay the taxes should not be permitted to litigate the validity of the tax sale until he has offered to reimburse the purchaser who has discharged a burden which he should have discharged. In fact, section 12761, supra, specifically enjoins upon us a liberal construction.

The statutes are reasonably plain, although they are cumulative on certain points. Being enacted in the same act, they should be construed together, and when construed together, we think it is plain that they require the tender to be made when the action is commenced, or the pleading is filed, assailing the deed; the tender must be made in the petition, answer, or cross-petition in which the validity of the tax deed is brought into question; they apply to every person instituting such a proceeding, whether he be owner, mortgagee, lessee, or whatever his claim may be; they require a tender of all taxes, interest, penalties, costs, and expenses. Under section 12668, supra, it is the duty of the court to require the amount due to be paid before the judgment is made effective.

Unfortunately, our decisions on this question are confusing and conflicting. This is caused by the failure of the court to keep in mind the statutes and prior decisions on the subject. Many of the decisions make no mention of the statutes. Others mention them, but do not follow them. Some require tender on the basis of equitable principles as though we had no statute on the subject. Of course, equity does not come into play on a subject governed by valid statute.

While the statutes recognize no exceptions, this court has. It has been held that tender will not be required where the land is exempt from taxation (Wade v. Crouch [1904] 14 Okla. 593, 78 P. 91), where exempt land has been assessed with taxable land (Davenport v. Doyle [1916] 57 Okla. 341, 157 P. 110), and where a tract of land has been assessed when an interest in it was exempt from taxation (Squires v. Swanson [1934] 169 Okla. 390, 37 P.2d 276). In all these cases the assessment was properly held void. We think the first case is undoubtedly correct, as the statute should not be construed to require the payment of taxes when none are due. 61 C. J. 1410; Cooley, Taxation (4th Ed.) sec. 1508; L. R. A. 1915C, 503, note. In the last two cases the court did not consider the requirement of section 12668, supra, that "the true and just amount of taxes due upon such property * * * if in dispute must be ascertained and paid before the judgment." The question involved in those cases is not involved here, and we need not consider their correctness further than to say that there is a vast difference between a case where the assessment is void and a case where, as here, the assessment is valid but the deed is void by reason of the failure of the authorities to comply with the statutes prescribing the procedure leading up to the sale and execution of the deed.

We point out the conflict in the authorities on the question now before us. It has been said that the one seeking to invalidate a tax deed must reimburse the tax deed purchaser for the taxes, interest, penalty, and costs paid by the latter, though the tax deed is void for jurisdictional reasons (Levy v. Inman [1924] 103 Okla. 90, 229 P. 436; Foster v. Marshall [1930] 141 Okla. 246, 284 P. 882; Savery v. Graves Farm Loan Inv. Co. [1932] 157 Okla. 173, 11 P.2d 462; Adams v. Rogers [1932] 158 Okla. 163, 13 P.2d 170; Brown v. Clark [1937] 181 Okla. 473, 74 P.2d 933; Stewart v. Burrows [1920] 80 Okla. 23, 193 P. 881; Popp v. Munger [1928] 131 Okla. 282, 268 P. 1100), or though the tax deed is void on its face (Emery v. Stansbury [1935] 173 Okla. 478, 49 P.2d 155; Price v. Mahoney [1935] 175 Okla. 355, 53 P.2d 257; Gulager v. Coon

[1923] 93 Okla. 62, 218 P. 701; Clark v. Board of County Commissioners [1930] 143 Okla. 18, 285 P. 127). On the other hand, it has been said that no tender is required where the former owner is seeking affirmative relief against the tax deed holder where the deed is void for jurisdictional reasons (Campbell v. McGrath [1926] 117 Okla. 126, 245 P. 634; Lind v. Stubblefield [1929] 138 Okla. 280, 282 P. 365; Farmers' Nat. Bank of Oklahoma City v. Gillis [1932] 155 Okla. 290, 9 P.2d 47; Jones v. Storie [1935] 172 Okla. 473, 40 P.2d 1067), or where the deed is void on its face (Keller v. Hawk [1907] 19 Okla. 407, 91 P. 778; Cunningham v. Webber [1935] 171 Okla. 211, 42 P.2d 244, syl. No. 5).

It is apparent that both lines of decisions cannot stand. We must overrule one line so that the litigants, lawyers, and trial judges may know how to proceed. In this case the land was liable for taxation, it had been assessed and placed upon the tax rolls in compliance with the statutes, and the taxes had not been paid. Under such circumstances, we hold that it was the duty of the defendant, Lyons, to comply with the statutes, and it was the duty of the trial court to enforce them, whether the deed is void, voidable, or valid.

The decisions holding that under such circumstances, the owner, or one claiming an interest in the property will be granted relief against the tax deed without tendering and paying the taxes assessed against the land are in plain violation of the statutes, and are an unwarranted extension of the decision in Wade v. Crouch. The following decisions, in so far as they hold or contain language contrary to this decision, are hereby overruled: Keller v. Hawk, supra; Holt v. Spicer (1917) 65 Okla. 17, 162 P. 686; Campbell v. McGrath, supra; Lind v. Stubblefield, supra; Farmers' Nat. Bank of Oklahoma City v. Gillis, supra; Cunningham v. Webber, supra; and Jones v. Storie, supra.

We are not concerned here with the necessity of tender in the case of a defense only.

If the plaintiff's petition, which relies upon a tax deed, states a good cause of action, and tender is not made, the defense thereto should be dismissed for failure to make the proper tender, and judgment should be entered for the plaintiff for the relief to which he is entitled.

In the present case, plaintiff attached the tax deed to the petition and same is valid on its face. Indeed, defendant does not contend otherwise. However, because of the uncertainty of the earlier decisions of this court on the question of tender, some of which are hereby expressly overruled as above stated, it would be inequitable to peremptorily render judgment for the plaintiff herein because of defendant's failure to tender the amount required.

The cause is therefore remanded to the trial court, with directions to compute the amount of taxes, penalties, interest, and costs due and to allow defendant a reasonable time to comply with the tender statute. In the event such tender is made, the decision of the trial court is affirmed. Otherwise, the trial court is directed to dismiss defendant's defense and to render judgment quieting title in the plaintiff.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur. WELCH, J., dissents. PHELPS and CORN, JJ., absent.

WELCH, J. (dissenting in part). I cannot concur in that part of the majority opinion which holds the tax deed to be void merely because of the noticed error of the notary public who took the acknowledgment to the assignment of the tax sale certificate. It is quite apparent that the notary made an error in inserting dates in her certificate of acknowledgment. But we may assume the tax sale statutes had been fully complied with in all other respects, and that this tax sale and tax deed were wholly valid except as regards this date error of the notary public.

In view of the provisions of section 2 and the last sentence of section 12761, O. S. 1931 (68 Okla. St. Ann. sec. 453), I think we should give liberal construction to all these statutes, and should hold that this error, which does not affect any substantial right of the delinquent taxpayer, does not of itself and standing alone render the tax deed void. I think the majority opinion fails to give full force and effect to the above statutory provisions, and also to section 12760, O. S. 1931 (68 Okla. St. Ann. sec. 452).

I can see nothing more than an irregularity in the certificate of the notary public. Several irregularities might exist and yet the deed could not be defeated, as is specifically provided in section 12760, O. S. 1931 (68 Okla. St. Ann. sec. 452).

This landowner had not paid his taxes for a number of years, and it is to be noted that after this tax sale certificate was assigned and acknowledged, notice of application for tax deed was personally served on the delinquent taxpayer, and he continued

in his failure or neglect to pay his taxes or to redeem from the tax sale. I think no right to defeat the deed is shown in view of our statutes above referred to.

However, I dissent only to that portion of the majority opinion.