HILL et al. v. HENRY et al.

No. 30294. March 17, 1942.

Rehearing Denied April 14, 1942.

*124 P. 2d 405.*

F. C. Swindell and Burns McCain, both of Tulsa, for plaintiffs in error.

Rogers, Stephenson & Dickason, of Tulsa, for defendants in error Cecil L. Henry and H. S. Swift.

DAVISON, J. This is an action by Cecil L. Henry, as plaintiff, to recover possession of and quiet title to real estate situated in Tulsa county, Okla. It was instituted in the district court of Tulsa county on March 9, 1940.

The asserted title of the plaintiff is derived through a tax deed.

The portion of the defendants (the administratrix and heirs of one Charles E. Hill, deceased) in possession of the property and who claim title and right of possession adverse to that of the plaintiff filed a separate answer and cross-petition seeking to avoid the tax deed and the asserted title claimed under the same. They did not, however, plead the tender contemplated by statute. Instead they relied upon certain facts pleaded by them (specifically set forth, infra) to dispense with the necessity of making such tender.

When, at the commencement of the trial of the cause, the right of the defendants to resist the recovery of possession by the plaintiff was challenged by the plaintiff, the trial court decided that tender was necessary. It thereupon dismissed the separate answer and cross-petition, denied the defendants (successors in interest of Charles E. Hill, deceased) the right to further defend. Judgment was then entered for the plaintiff.

Before the foregoing order and judgment was entered, and while discussion of the question of tender was taking place before the trial court, the defendants requested a short time in which to make tender, but the request was denied, apparently on the theory that the tender should have been previously made because of the believed existence of a prior motion to require the same. We find no such motion in the record. Counsel for the plaintiff in alluding to the asserted motion before the trial court say it was previously denied. If this is correct, it would appear that prior to the date of trial the defendants had obtained a favorable ruling on their contention that no tender was required. Thus prior to the trial date they may have been justified in believing that the trial court would permit the assertion of the defense without tender.

The defendants, Nora Hill, administratrix of the estate of Charles E. Hill, deceased, and the heirs of Charles E. Hill, have appealed, appearing herein as plaintiffs in error. Our continued reference to the parties will be by their trial court designation. We shall also use the general description "defendants" to refer only to the Hill heirs and the administratrix of the estate of Charles E. Hill, deceased, to the exclusion of two other defendants, when not specifically designated, that is, S. L. Chowning and H. S. Swift, who are named in this court as defendants in error and whose part in this litigation will subsequently appear.

The defendants in presenting the case to this court on appeal reassert their contention that under the facts pleaded by them, tender is not required by statute (68 O. S. 1941, § 453 or 455).

They also assert in the eighth assignment of error of their petition in error an alternative contention "that the court erred in refusing their tender," which would probably be denominated with more accuracy if it were described as a "request for an opportunity and a short time to make an appropriate tender." However, this is unimportant, since we look to the substance rather than the grammatical accuracy of the description of the basis on which the complaint rests.

Upon review of this case we have concluded that the trial court was correct in adopting the view that tender was necessary under our statutes. But

we have also concluded that under the circumstances reflected by the record in this case it was an abuse of discretion to deny an opportunity to plead and make the requisite tender and that the case must be reversed and remanded on the latter consideration.

The statutes of this state relating to tender in connection with litigating titles or asserted titles derived through tax deeds are sections 453 and 455, supra. These statutes have been construed in the recent cases of Parks v. Lyons (Oct. 1938) 183 Okla. 529, 83 P. 2d 573; Meriwether v. Bowling (Oct. 1938) 184 Okla. 1, 84 P. 2d 1; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607; Watts v. Meriwether, 184 Okla. 32, 84 P. 2d 643. Many cases cited in the briefs predate these decisions. We are governed by the more recent cases.

Since those decisions it has been essential that one who, as either plaintiff or defendant, seeks to attack or avoid a tax deed or a claimed title asserted under a tax deed must comply with the tender provisions of the statute (68 O. S. 1941, § 453).

The tender should be made in the pleading of the party attacking or resisting the tax deed (consider in this connection 12 O. S. 1941, § 309), but its presence there may be waived by failure of the opposing party litigant to lodge a proper objection. McGrath v. Eichhoff, 187 Okla. 64, 100 P. 2d 880.

The statutes requiring tender in this character of case make no exceptions to the requirement as we noted in Parks v. Lyons, supra. However, this court has recognized one condition, which may arise in three ways, that dispenses with the necessity of tender. That condition is that there "are (or were) no taxes due." The condition arises: (1) where the land is exempt from taxation; (2) where it has not been assessed; and (3) where the taxes have been paid. As stated in Meriwether v. Bowling, supra, where:

". . . There are no taxes due by reason of the fact that the land is either exempt from taxation, had not been legally assessed, or the taxes have been paid. . . ."

Notice, also, Parks v. Lyons, supra; Watts v. Meriwether, supra; and Schulte v. Herndon, supra.

The defendants assert, in substance, that under the pleadings tender is, in this case, unnecessary by reason of the last-mentioned method by which a condition may be created excusing tender. In other words, they assert they have pleaded payment of the taxes, within the contemplation of the foregoing exception to the tender statute.

In this they are mistaken. They have pleaded in substance the existence of an oral agreement between themselves and the defendant Chowning whereby the latter was to pay the taxes. They have also pleaded the existence of a clandestine arrangement between Chowning and Swift whereby, instead of paying the taxes, the same were allowed to become or continue delinquent and the purchase of a tax title by Swift, who in turn conveyed to the plaintiff, who it is said had knowledge of the entire transaction. There is no plea that the public officials whose duty it was to receive payment of the taxes ever received such payment other than the contention that they received the purchase money for the sale of the tax title. This was not such a payment as to create the condition that "there were no taxes due" which excuses tender. In fact, the use of the term payment is of doubtful application, since that term connotes delivery to the obligee (or creditor) in satisfaction of the claim or demand. 21 R. C. L. 8; Board of Education of City of Shawnee v. American Nat. Co., 135 Okla. 253, 275 P. 285.

The reasons for the existence of these court-made exceptions are found in our earlier decisions reviewed in the cases above cited. The view of this court as indicated by its decisions since Parks v. Lyons, supra, is to recognize the vital

influence of the tender statute. While we have adhered in the exceptions, we entertain the view they should not be enlarged by extension of their application.

Our attention is called to Grison Oil Corporation v. Lewis, 175 Okla. 597, 54 P. 2d 386 (1935), decided before Parks v. Lyons, and other cases cited supra. The question of tender was not a decisive issue in that case and is not important in this appeal.

In holding that tender should be made by reason of the statutory requirements, we express no opinion as to the proper disposition of the money tendered between the different parties and do not mean to indicate or hold that a portion of the tender may not be returned or released to the defendants if the facts and the law justify such return or release. Nor do we express any opinion as to the ultimate rights of the defendants with respect to the codefendants, Chowning and Swift. Neither do we now hold the case of Grison Oil Corporation v. Lewis, supra, inapplicable in the ultimate determination of the rights of the parties. Nor do we hold that the purchase of the tax title did not operate as between the parties as a mode of satisfying the taxes to the extent of the money expended for the deed. Our holding goes to the necessity of tender as a condition to the determination of the rights of the parties.

The theory that the tax title may have been held in trust and that the defendant may be entitled to prevail under the title derived through the tax deed instead of in opposition to it is not comprehended by the pleadings.

We are firmly convinced, however, that since tender in the pleading could have been waived by failure to lodge a proper challenge, McGrath v. Eichhoff, supra, that when the challenge was presented and at that time a request was made for an opportunity to make the required tender in an appropriate manner, the request should have been allowed. The refusal to allow it constituted an abuse of discretion. It is the policy of the law to give litigants their day in court. McCoy v. Mayo, 73 Okla. 17, 174 P. 491.

As we have already noticed, the mechanics of tender make the preliminary step one of pleading. Thus the defendants should amend their answer. Their request, by necessary implication, comprehended such an amendment.

Our statutes on the allowance of amendments are very liberal (12 O. S. 1941, § 317) and we have repeatedly held (so often that the citation of authority is unnecessary) that the authority to permit amendments to pleadings rests in the sound judicial discretion of the trial court. That discretion, however, is a judicial discretion, and requires in its exercise a judicial consideration of the rights of the parties. The circumstances of this case as previously reviewed convince us that error was involved in the exercise of this discretion.

The cause is therefore reversed, with directions to allow defendants a reasonable time in which to make an appropriate tender and otherwise proceed in a manner not inconsistent with the rights of the parties.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., and HURST, J., absent.